The Pbesidjixt
delivered the opinion of the Court.*
This was an action of debt upon a joint Judgment, obtained by Drummond, in his life-time, against one Alcock and Alexander Itoane, upon their obligation. Among other errors alleged in the record, the most one on was, demurrer to the plea by Roane’s administrator, that Alcock survived his intestate, was sustained by the Court. Whether this decision •was correct or not, involves the question, whether joint Judgments are within the provision of the Act concerning partitions and joint rights and obligations, 1 Revised Code, 359; and this depends on a sound construction of the provisions of that Act.
At the common Law, joint obligations and joint Judgments could only be enforced against the surviving obligors or Defendants. The death of any of such obligors, or Defendants, absolved their personal representatives from all responsibility. In the case of a joint Judgment, though it bound the lands of the deceased Defendant, it did not bind the personalty, or affect his personal representative. A Scire Facias only lay against the survivor and the heir of the dece,ased Defendant as terretenant, and the other terretenants, if there were such, to charge the lands of the survivor, and those which descended to the heirs of the deceased Defendant. But, in the case of a joint and several recognizance, a Scire Facias lay against the survivor and the heir of the deceased Defendant,, in respect to the lien of the Judgment on the land; or, it lay severally against the survivor and the personal representative of the deceased Defendant, with or without the heir; such a recognizance having the effect of a joint and several Judgment, the Judgment on the Scire Facias not being a new Judgment, but that the Plaintiff should have execution of the original Judgment, according to its terms; 20 Vin. Abr. 149; the Common Law, in this respect, accommodating itself to the nature of the obligation of the parties. See also, 10 Vin. Abr. title “Executors,” N. p. 4, note p. 8, 27.
Applying these principles to the construction of the 3d section of the Act concerning partitions, joint rights and obligations, it seems to me that joint Judgments, if not within its letter, are *185 ■clearly within its spirit. The reason of the Legislature for abroga!* ing so much of the Common Law, as changed the condition and responsibility of the parties, on the death of either, was, to make obligations and responsibilities more certain, and to leave nothing to a contingency which made no part of such obligation or responsibility; and it applies with as much force to a joint Judgment, as to any other joint obligation or responsibility. The words of the 3d section ave, “The representative of one jointly bound with another, for the payment of a debt, or for the performance or forbearance of any act or thing, or for any other thing, and dying in the life-time of the latter, may be charged, by virtue" of such obligation, in the same manner as such representative might have been charged, if the obligors had been bound severally as well as jointly.” If Roane, in the case before us, had died before the suit on his and Alcock’s obligation, though joint and not several, the case would have been within the literal provision of the section. His personal representative would have been responsible, as if he were severally bound, in the obligation; and there can be no good reason why the Judgment should vary his responsibility under the Act. But, it is not necessary to lay any stress on this, except for the purpose of showing, that upon a literal construction of the Act, if a joint Judgment is to be excluded in some cases, as in the one before us, the Judgment would defeat the plain intention of the Law. But,, it is impossible, I think, that any words more comprehensive in their meaning could have been used; “ bound jointly with another for the payment of a debt, or for performance,” &c. These words describe accurately the condition and responsibility of parties, hound by a joint Judgment, for the payment of a debt; nor are the words “obligation” and “ obligors” in the section, so exclusive as to forbid a construction of it, which would include joint Judgments. It is true, these imply contract; but,'even Judgments are sometimes confessed by contract. Though they have their force by Law, parties are in no less degree jointly hound by them, than by written contracts or obligations. The change of responsibility by the death of one of them, is as much within the mischief to he obviated by the Act, as in the case of one of two or more joint obligors by contract. Upon a sound construction of a Statute, persons and things, not embraced in its terms/ are often included, as being within its principle, though not within its specifications. The general rule of construction, applicable to this subject, is laid down in Co. Litt. 24, 2-6. It is said, that Equity is a construction made by the Judges, that cases out of the letter of a Statute, yet being within the same mischief or cause of making the same, shall be with- *186 iii the same remedy. As, when a Statute mentions executors, it shall extend to administrators. 19 Vin. Abr. 55. The case of a joint Judgment is, in like degree, within the same mischief as joint obligations, which are literally provided for by the Act, and is, by Equity, within the the same remedy. The demurrer to the plea was, therefore, properly sustained by the Court.
The next objection to the Judgment, is, that the Court refused to permit the Defendant lo demur generally, and afterwards specially, to the Declaration of the Plaintiffs. As to the latter, the special demurrer, it certainly came too late after issue joined on some of the pleas, and the Court had sustained the demurrer of the Plaintiffs to one of the pleas of the Defendant; and, therefore, as to the former, the general demurrer, it" does not appear that it was calculated to produce any delay, and went to the merits. Yet, the refusal to receive it, by the Court, did not prejudice the Defendant, as he had the full benefit of it by his demurrer to one of the Plaintiff 's replications to another of his pleas; it being a settled rule of pleading, that when pleadings terminate in a demurrer, (on either side,) it mounts up to the first ervor in the pleadings of either side. Nor is there any thing in the 103d section of the Act of Jeofails, 1 Rev. Code, 511, Inch prohibits a Judgment after verdict, to be stayed or reversed, for any defect which might have been taken advantage of by demurrer, and which shall not have beer: so taken advantage of, that ean affect the rule stated. It certainly does not include verdicts, in a case in which there is a demurrer to the pleadings by either party. It has been often decided by this Court, that when there is an issue in Law and in fact in any case, the issue in Law should be first decided; in which case, there might be no yerdict. But, if the suggestion be correct, that a verdict in such case w'ould cure the errors not taken advantage of by demurrer cormrg from the Defendant, the issue in fact ought in all cases first to be tried. But in truth, that question does not arise in this ease, as there is a demurrer to the pleadings, both by the Plaintiffs and the Defendant; and he is, therefore, entitled to his objections to the Declaration, if there is any force in them.
The Declaration is very inartificially drawn; but I think, would he held to be substantially’ good on a general demurrer. The complaint is of a plea'of debt, &c. It sets out the Judgment ou which? it is founded, and alleges, that it was in full force and unsatisfied, and of the value of CO/.; it being really’a Judgment for 50/. 195. 10c/., and one penny damages, and $8 1 cent costs, to be discharged by the payment of 25/. 7s. 4¶, and the damages and costs aforesaid; whereby an action accrued to Iho Plaintiffs to demand and have of *187 the Defendant the sum of money last mentioned, the amount of the Judgment aforesaid. It then proceeds to allege the demand and refusal to pay, &c., in the usual form; to which there is no objee tion; and I think enables the Court to give Judgment according to the very right of the case, not noticing errors in matters of 1'orm; which could only be noticed on special demurrer according to the Act of Jeofails.
The objection to the verdict, I think, is equally unavailing. It finds the sum of 50/., that being the debt in the Declaration mentioned, and $80 in damages, for which the Judgment is rendercd; when in fact, the debt in the Declaration mentioned is 50/. 19>?. 10d. and $8 1 cent. In substance, it finds, that the debt, in the Declaration has not been paid, as alleged by the pleas; and the only incongruity is in stating it to be 50/., which is surplusage; as the finding of the debt in the Declaration mentioned, was sufficient to have justified a Judgment for that sum, and the $ 60 damages; which latter, in an action on a Judgment for a penal sum, the Jury were at liberty to give for the detention of the debt. The error, therefore, complained of, is in favor of the Defendant, and not to be complained of by him.
The Judgment is to be affirmed.

Fudge Coaster, absent,