Tucker, P.
The first question in this case is as t0 ^e jurisdiction of the court of equity; the plaintiff being supposed to have a remedy at law under the act concerning joint rights and obligations. But it is a sufficient answer to the objection, that if the case was within the jurisdifction of a court of equity before the statute, it cannot be taken away by it. Wynn v. Bowles, 6 Munf. 23. 25. For, as there is nothing in the act excluding the cognizance of the court, it is construed to be cumulative, and to give only a concurrent remedy to the court of law.
Has the court of law, however, jurisdiction over this matter under the statute of joint rights and obligations £ I think notl The case of Roane’s adm’r v. Drummond’s adm’rs, 6 Rand. 182. has extended the statute very properly to joint judgments, as being directly within the spirit of the act. But the case of simple contract debts due from a partnership stands on very different ground. They are confessedly not within the literal construction of the statute, and I am persuaded they are not within its meaning or intention. There are many strong reasons for confining the suability of a deceased partner to a court of equity. Look at the - character of the demand. It is a demand which ought in justice to be paid, if possible, out of the funds of the concern. Those funds are fenced in against the claims of the creditors of the individual partners until the partnership demands are satisfied, because they are deemed peculiarly chargeable with the payment of the debts by which the funds themselves have been created or increased. Now, by the death of a partner, the whole of the effects of the concern become vested in the surviving partner, who alone can demand and sue for the debts due to the partnership, and who is entitled to take possession of *601 the stock in trade and apply it as far as necessary to the payment of the debts. The executors of the deceased partner have no agency or control whatsoever over the choses in action ; and although they are either tenants in common, or joint tenants without survivor-ship, of the partnership effects, Gow on Partnership 47. yet they have only a right to a moiety of what remains after the payment of debts, and the amount of their interest is ascertained upon a final settlement of all the transactions of the firm. Thus situated, it is but reasonable that he who has the appropriate funds in his possession should be first chargeable. Hence a court of equity has always looked upon the representatives of a deceased partner in the light of a surety; as chargeable only in the event of the insolvency of the surviving obligor. Gow on Partnership 43C. Linney's adm’r v. Dare’s adm’r &c. 2 Leigh 588. 594. Hamersly v. Lambert Sped. 2 Johns. Ch. Rep. 508. Ex parte Kendal, 17 Ves. 514. Sale v. Dishman’s ex’ors, 3 Leigh 548. 551. 557. I cannot think that the legislature intended to disturb this just and reasonable principle of a court of equity, and the rather, as there is no summary remedy afforded to the executors of the deceased against the surviving partner. I am therefore of opinion that there was no remedy at law for the appellee against Galt’s estate.
But it is said the appellee had a remedy at law* against the surviving partners, and cannot implead the executors of the deceased in equity until the insolvency of the survivors has been ascertained. I do not concur in either of these propositions.
First, I think the appellee had no remedy at law against the surviving partners, other than John Bullock, who was liable upon the obligation as his own. The demand against them at law would have been deemed to be extinguished; for in a court of law it is held that if upon making a contract by A. with B. C. gives his bond for it, the debt by simple contract is extinguished, *602 the obligation being made upon or in pursuance of the ° o r r contract. 3 Bac. Abr. 107. Tom v. Goodrich, 2 Johns. Rep. 213. Now here the bond is the bond of John Builock who signed it, and it was given for the demand of the plaintiff, and accepted as the documentary evidence of the demand, and as the bond of the firm. Now, although this was a mistake of the obligee, yet at law this mistake could not be corrected, and equity only can relieve against it. Indeed at law the appellee could not perhaps have been received to contradict the bond by evidence that the money was lent to the firm, when by the rigid construction of law the sealed instrument established that it was the debt of John Bullock in his individual character. I do not therefore think the appellee could have recovered at law.
But if he could, still a court of equity would have had concurrent jurisdiction to correct the plain mistake that has been committed here. Bishop v. Church, 2 Ves. 101. Simpson v. Vaughan, 2 Atk. 33. Underhill v. Horwood, 10 Ves. 227.228. Sale v. Dishman’s ex’ors, 3 Leigh 548. I will go further. In equity, where the substance and not the form of things prevails, although the sealed instrument cannot and does not bind the partners as a deed would bind them, yet it does bind them as far as it would be binding if there was no seal. In the case of Tompkins v. Murray in the federal court, one of the partners made a transfer of the partnership effects, by deed of trust signed by the name of the firm. The chief justice sustained the transaction in equity, on the ground (if my memory does not deceive me) that as one partner could dispose of the goods by parol, his annexation of a seal could not make the act of transfer void, when it would have been undoubtedly good without it. It would indeed be anomalous if a court of equity, which habitually considers the seal as having no influence to overrule the real intent and meaning of a contract, should hold the seal affixed by a part- *603 nor to release his copartners from the obligation of a contract made for their benefit a.nd enuring to their advantage. It was under these impressions that in Sale v. Dishman’s ex’ors I remarked that “the contract thus signed, and by mistake sealed also, was nevertheless binding in equity upon both partners. In equity the form of the thing is immaterial, if the substance of the contract was to bind both.” If this view of the case be correct, there can be no question whatever as to the jurisdiction. But suppose the jurisdiction can only be sustained on the ground of the insolvency of the surviving partners, is it essential that that fact should be established by action at law, before the creditor can sue in equity ? I think not; first, because I have found no case which establishes such a principle. Secondly, because I think it inconvenient and unnecessary to encounter the delay and expense of two suits, when one will suffice. Thirdly, because the case is analogous to that of a surety seeking contribution, in which, although he has remedy at law, by motion here, or by action in England, it is not required that the principal’s insolvency should be established by previous action at law. M’Cormick v. Obannon, 3 Munf. 484. 1 Cox’s C. C. 275. Fourthly, the deed of trust having in this case vested the funds in trustees for the benefit of the creditors of the firm, the creditor had a right to come here in the first instance.
Having said thus much on the subject of jurisdiction, which (unfortunately, I think) is too often the most prominent subject of discussion, I shall very shortly say that the merits seem to me clearly with the appellee, though the decree itself is grossly erroneous in charging the estate of Galt before the insolvency of the surviving partners and the deficiency of the trust subject had been established by the proper proceeding. As to the statute of limitations, I incline to believe it will be found, upon farther inquiry, to operate no bar here. The pro *604 ceedings shew that there has been a trust executed for payment of debts, which prima facie would seem to take the debt out of the statute. If the debts be scheduled and this be among them, or if the deed refer to the books and this debt be on the books, there can be no doubt that the statute does not bar. This will be ascertained -when the cause goes back. With these views of the case, I am of opinion to reverse the decree as premature against the executors, who cannot properly be chargeable until the deficiency of the trust fund and the insolvency of the surviving partners be established, and to send the cause back for further proceedings.
The other judges concurred. Decree reversed, and cause remanded for further proceedings.