Parker, J.
concurred in affirming the order of the circuit court.
Before the affirmance was entered of record, a suggestion was made that Samuel Hairston senior, one of the plaintiff’s in error, had died; and it became necessary for the court to decide whether the defendant in error could have process of revivor in this court against his executors, or whether the cause must abate as to him, and proceed in the name only of the plaintiff in error who survived. Upon this point, the following opinion (in which the other judges concurred) was delivered by
Tucker, P. At common law, the death of one of several plaintiffs in error abated the whole writ. But since the statute of 8 & 9 Will. 3. ch. 11. § 7. which has been held to apply to writs of error, the writ does not now abate if the action survives. Tidd’s Prac. 1219, 20. 1 Salk. 261. 3L9. Garth. 236. 1 Lord Raym. 244. So with us, the case of a writ of error seems to be within the statute 1 Rev. Code, ch. 128. § 38. p. 497. *312 which provides that an action shall not abate by the death of one plaintiff, if the cause of action survives to the others, but the writ or action shall proceed at the suit of the surviving plaintiffs. But by our statute, a joint judgment may be revived against the representatives of the deceased defendant. Thus the judgment of the circuit court may be revived in this case against the representatives of the decedent. Roane’s adm’r v. Drummond’s adm’rs, 6 Rand. 182. Suppose it erroneous : shall the estate of the decedent be without remedy ? I presume not. If the judgment below were revived against his representative, he would be entitled to his writ of error. But the law has not provided a scire facias to revive the writ of error here : its provision is, that the suit shall proceed in the name of the survivors, where one of several plaintiffs dies. Such a scire facias would indeed be an embarrassing proceeding. If the plaintiffs in error were plaintiffs in the court below, there would be two sets of plaintiffs in error, and if the judgment should be reversed and the cause sent back for a new trial, there would be two new trials and separate proceedings against the defendants. If the plaintiffs in error were defendants below, and the cause should be sent back, the same state of things would exist; whereas, if the death had occurred before the judgment, the action would have abated in the court below as to the party dying, and the plaintiffs must have commenced a new suit against his representatives.
Moreover, great embarrassment would exist when this court, reversing the judgment below, should proceed to enter such judgment as the court below should have entered. This could not indeed be done, as the state of things would be entirely changed.
Upon the whole, I think we can only suggest the death, and proceed to judgment in the name of the survivor.