AELEN, J.
In the year 1841 Thomas Payne of Greensville county, being greatly embarrassed, and having left the state, the appellant, who had advanced money to and incurred liabilities for him, went in search of him, and meeting him in Baltimore, an arrangement was made between them, out of which this ^controversy has arisen. Payne executed to the appellant two instruments, both bearing date on the 1st day of December 1841, and acknowledged before two justices of the peace in the city of Baltimore on the next day. Both instruments were lodged in the clerk’s office for Greensville count}' at a quarter to 5 o’clock on the 6th of December 1841, and admitted to record. One of these instruments is a power of attorney from Payne to the appellant, authorizing the latter to collect all moneys due to his principal, placing the appellant in possession of all his effects, real and personal, with power to sell the same publicly or privately, for cash or on credit, and empowering the appellant to pay all debts or claims which might be presented against him; and further authorizing the appellant, out of the proceeds of any sales he might make, first to pa}' and discharge all claims where the appellant might be his security or endorser, as well also as such as he then owed the appellant or such as he may have assumed the payment of.
The other instrument is a deed of trust from Payne to the appellant as trustee, to secure sundry creditors therein named in the first place, and then all other such claims as should be presented to the appellant against the grantor. The deed conveyed a tract of land known as Bonner’s, sundry slaves, all his horses, amongst them a horse named Wellington, the stock, corn, provisions, &c. on his plantation, some slaves in Alabama, and his interest in the slaves sent to the south and sold or to be sold by John M. Rives. Amongst the creditors named, the appellant appears from the recitals in the deed to have been liable as endorser for the debts due to Peyton Mason, to Francis Fpps, to Sturdivant & Hurt, and to Hurt, Patterson & Wills, whose debts, with interest to the 1st January 1842, amount, according to the commissioner’s report, to two thousand seven hundred and ninety-three dollars *and forty-nine cents. The debts for which it does not appear from the deed that he was responsible, amount, according to the report, to seven thousand six hundred and sixty-two dollars and thirty-three cents. All these debts were by the deed placed on an equality and to be first paid; and the private debt to the trustee for cash advanced or debts assumed and any other debts for which he might be liable as endorser of Payne, if there were any such debts, would be postponed until the preferred creditors were satisfied.
It does not appear from the record that the creditors of Payne had any notice of the execution of the deed of trust, that any negotiation had preceded the execution thereof, or that they were consulted in relation thereto. All that the record discloses in regard to this matter, is the statement of the appellant in his answer, that as he was about to leave Petersburg to look for Dr. Payne, who was said to be somewhere in the north, he was accosted by E. Townes, one of the appellees, and induced to accept his claims against Payne, to try and have them adjusted; that he took them to do the best he could with them, although he himself was so largely involved for Payne. That he made several trips to the north, incurred several hundred dollars additional expense in finding Payne, whom he after-wards met with in Baltimore. That Payne then readily undertook to secure him; and with the hone of doing so, executed the power of attorney and deed of trust; the interest of the said appellee Townes being placed on an equal footing with the claims which the appellant was bound for as security. Upon this state of facts the question arises, What was the effect of these instru- *649 merits executed under the circumstances aforesaid; and what rights did the appellant acquire under them? The two instruments were executed at the same time and acknowledged on *the same day. By one the appellant is constituted attorney in fact, by the other trustee. Both refer in a great measure to the same property. In my view of this transaction, it is unnecessary to determine whether the power of attorney in this case was revocable in the life time of the principal or not; there ha„s been no attempt to revoke it unless the deed of trust is to have that effect; and to give it such effect would, it seems to me, do violence to the intention of the parties. The appellant was the confidential friend, as well as the security and individual creditor of the debtor; he alone seems to have been active in seeking out the debtor for the purpose of procuring some indemnity for himself and other creditors. It was natural that he should seek for, and that the debtor in consideration of the burden he was assuming, should agree to give him some priority over other creditors : And that appears to me to be the effect of the two instruments. Executed under the circumstances disclosed by the record, they should be construed together as one instrument; and so interpreted as to give effect to the obvious intent of the parties. That it was the intent of the parties to give the appellant the preference which the power of attorney secures, is fairly to' be inferred from the circumstances adverted to ; and it would be unreasonable to suppose that Payne contemplated a revocation by the deed of trust. The conduct of the parties would be inexplicable upon that supposition. They intended that both instruments executed at the same time should be operative; and construing them together, the property of the debtor would be applied first to the debts due to or assumed by French and those for which he was bound as security; secondly, to the debts specified in the deed, except those for which the appellant was bound ; and thirdly, to the general creditors. But the appellant by his answer admits that in taking the ’x"deed of trust, the interest of the appellee E- Townes was placed on an equal footing with the claims for which the appellant was bound as security; and as all the enumerated debts are placed on the same footing by the deed of trust, they are all equally entitled to the benefit of the admission contained in the answer: And this circumstance reconciles the apparent incongruity between the two instruments. The power of attorney secured a preference as well for the debts for which he was liable as security, as for the individual debts. But in drawing the deed of trust, that preference as to security debts was waived; otherwise there would have been no necessity for naming them in the deed of trust; but the individual debts not being enumerated in the deed, were left to be paid in the order prescribed by the power of attorney.
The intention of the parties and the contract to be implied from that intention as deduced from the two instruments, having according to the admissions of the answer, been modified so far as respects the security debts, it was not in the power of the appellant afterwards to enlarge his rights by selling the land known as Bonner’s as attorney in fact and not as trustee : And the enumerated creditors have the right to participate in the proceeds of the land as well as the residue of the trust fund. According to this view the appellant should be charged with the whole amount received or collected by him out of effects of Payne not embraced in the deed of trust, together with the proceeds of the trust fund, and credited with the amount then due to him or the payment of which he had assumed, and has actually discharged. The residue should be applied to the debts enumerated in the deed of trust.
It appears from the commissioner’s report that the balance due to French on private account was three hundred and eighty-six dollars and sixty-one cents. *The account as settled shows upon its face that all the items of the private account are charged after the 1st of December 1841. There is no exception to the report, and the charges may have been for payments assumed by him at or before the date of the power of attorney. But as there must be a recommitment of the report, leave should be given to exhibit the facts in regard to these credits.
Treating the power of attorney and the deed of trust as one instrument, and construing them together, no question can arise under the registry laws. The appellant being a party to each cannot allege any defect in the recordation, if one existed, and the other creditors claiming the benefit of his act and thereby recognizing his agency, are equally bound with him, and the rights of all are to be deduced from both instruments viewed as one transaction, to which all were parties directly or through their agent.
Another objection to the decree arises out of the transactions of the parties respecting the horse Wellington. It appears that Payne on the 8th of October 1841 executed to the appellees Edmund Townes, William Townes and James Williamson, his single bill at twelve months for four thousand dollars, being for the price of the horse sold to him by said appellees. This was one of the debts enumerated in the deed of trust. The bill alleges that after'the execution of the deed, and the appellant had taken possession and disposed of most of Payne’s property, they took of him this horse, his value having been much impaired by bad management whilst in Payne’s possession, and agreed to credit the four thousand dollar bond by three thousand five hundred dollars, reducing their debt to five hundred dollars. This they did, not because they thought the horse worth anything like that sum, but because they were informed by the appellant that matters were turning out badly.
*The appellant in his answer, avers *650 that Edmund Townes purchased of him as trustee the horse at the price of three thousand five hundred dollars, and instead of paying the money to him, a credit was entered on the note. That at that time he was not fully informed of the condition of the effects conveyed to him or the debts to be paid; and he admits that he did believe at that time, there would be that sum due to the holder of the note. And he insists that the said appellees should be required to refund the excess of the three thousand five hundred 'dollars over the pro rata proportion they would have been entitled to receive on the note for four thousand dollars out of the trust fund. The horse was resold on the 14th December 1841, and a credit of that date entered on the note for three thousand five hundred dollars; and the bill of sale given by the appellant to said appellees recites that the price of the horse was endorsed as a credit on the note.
The fair inference from the pleadings and exhibits, confirmed by the admission of the appellant before the commissioner, though partially retracted, is, that the purchase Of the horse was made, and the price of three thousand five hundred dollars agreed on, under the impression that the amount would be allowed to go as a credit on the bond. The appellant, in his answer, states that he believed at the time that there would be that sum due to the holder of the note; and it is fair to presume the impression was created in part by his own representations. It would not, under such circumstances, be just to said appellees to hold them responsible for the price agreed to be allowed under such circumstances. Both parties acted under a mistake. The trustee was in error as to the value of the trust fund and the amount of charges upon it, and the ap-pellees dealt with him for a portion of the trust property, knowing it to be such, under the mistaken *impression that they would be entitled to as much as the price they agreed to pay. The sale at this conjectural price should be disregarded in the settlement of the trustee’s account, and the trustee should be charged with the actual value of the horse at the time of the repurchase by the appellees, and the appellees should be allowed their pro rata share of the whole debt of four thousand dollars, charging them with the actual value of the horse, as so much received b3r them out of the trust fund on account of said debt: And if the sum so received exceeded their proportion, they should be required to refund the excess for the benefit of the other creditors secured by the deed.
The questions as to the construction of the instruments and the liability of the appellant for the price of Wellington, and the obligation of the said appellees to refund, are presented by the pleadings and proofs, and no exception to the master commission-' er’s report was necessary to raise them for adjudication.
Some other errors are assigned relating to particular items of the commissioner’s report, and in regard to matters which may have been influenced by extraneous evidence; and there being no exception to the report, they cannot properly be noticed here. Of this description is the charge against the trustee of two thousand five hundred dollars for the Bonner land. The commissioner states, and the deposition of Avent returned with and referred to in the report, proves, that the appellant received one thousand five hundred dollars in cash and a check on bank, and took from Avent the purchaser a bond on the Merritts for one thousand and sixty-six dollars, in payment of the residue of the balance of the price. That the appellant was told offsets were claimed by the obligors, and the appellant took the bond without recourse: and the commissioner states that the bond was in suit. The land was sold for upwards of two thousand six hundred ^dollars, but the commissioner has charged the trustee with two thousand five hundred dollars ; the parties considering that a fair price for the land, Avent having resold it on the same day for that sum. If the trustee received a bond in payment without recourse, it might have been a question whether he was not chargeable for the nominal amount. But the parties themselves, according to the commissioner’s statement, considered the sum of two thousand five hundred dollars a fair price for it; and the sale by Avent shows that it was; and the trustee has made no objection to the price charged, though he insists upon his right to apply it under the power of attorney to the debts for which he was liable. I think, he was properly charged with this sum.
So in regard to the objection that Simmons did not prove his debt. The deed acknowledges the debt to be about one thousand dollars. The ' commissioner took the amount from the deed, as he was bound to do in the absence of any proof of payment. But he says he was informed bjr the appellant, that probably a large portion of the debt would be received from another source. There does not appear to have been any doubt of the existence and amount of the debt; and no payment being proved, he could do no less than report it. But as all the parties interested in the trust fund, the appellee as well as the appellant, have an interest in reducing the amount of the debts to be charged upon it, leave should be given to reduce the debt by showing’anjr payment. As the case must go back and be recommitted for other purposes, no delay will be occasioned thereby.
The remaining errors assigned, that the suit of Allen v. Townes had not been decided, and that the decree erroneously stated the pleadings, are not objections of which the appellant could complain. It would have been more regular to require the appellant to *pay the money to a receiver, to abide the event of the suit referred to, and to give leave to the creditors entitled to the fund to apply for their portions thereof, if the recovery of the debt by Allen should be entirely defeated.
*651 Note on Assignments for the Benefit of Creditors. 10 GRATT As to the pleadings taking the bill for confessed as to Darden who had tiled his answer, he has not complained, and the decree upon his claim conforms to the allegations of his answer; he is allowed to come in upon the trust fund for the whole amount of his debt, and that was ail he asked. 1 think there was no error in' the decree for which it should be reversed at the instance of the appellant, except in the refusal to allow him a credit for the whole amount of the individual debt due to him by Thomas Payne on the 1st December 1841, or the payment of which he had assumed for said Payne on or before that da}T, and which he shall have actually discharged; and in failing to dispose of the price or value of the horse Wellington as above indicated. Por these errors I think the decree should be reversed, and the cause be remanded. The other judges concurred in the opinion of Allen, J. Decree reversed. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS. I. General Assignments. 1. When Deed Is Absolute. II. Who May Assign. 1 Corporations. 2. Partnerships. Ill Who Are Insolvents. IV. Who May Be Assignee. V. What Passes by Assignment. 1.Conflict of Assignment Daws. VT. Requisites and Validity. 1. Joinder of Wife of Assignor. 2. Schedule or Inventory 3. Acceptance. 4. Necessity of Recordation. 5. Delivery. VII. Preferences. 1. At Common Law. 2. Under Statutes. 3. Corporations. a. Chartered Companies. b. Stare Decisis. c. Effect of Statutes. 4. Trustees. 5. Directors. 6. Sureties of Debtor. V [II. Reservations and Stipulations. 1. Reservations for Benefit of Assignor Generally. a. Stipulations for Employment of Grantor. b. Retention oí Possession by Grantor. c. Postponement of Sale. 2. Reservation of Surplus. 3. Stipulations for Release of Debtor. a. Effect on Securities. b. Limiting Time for Acceptance and Release. 4. Discretionary Powers to Trustees. a. Power to Continue Assignor’s Business. b. Power to Employ Agents and Clerks. c. Compromise by Trustee. d. Powers as to Sale of Trust Estate. (1) Sale on Credit. (2) Private Sale. IX. Fraud. 1. How Ascertained. 2. Fraudulent Intent in Grantor. 3. Effect of Partial Illegality. 4. Evidence of Fraud. X. Other Features of Assignments. 1. Recitals Immaterial. 2. Consideration for Assignments. 3. Set-Off. XI. Effect of Assignments. 1. Effect upon Liens. 2. Jurisdiction. 3. Effect of Trustee’s Refusal to Act. XII. Rights, Duties and Liabilities of Trustees Generally. 1. Sale of Trust Property. a. What Trustee May Sell. b. Advertisement of Property. c. Publication of Notice of Sale. d. Right to Enioin Sale. e. Payment of Purchase Money. 2. Title of Trustee. a. Trustees Purchasers for Value. b. Parties. XIII. Rights of Creditors Generally. 1. Statutory Provisions — Rights of Simple Contract Creditors to Sue. 2. Attacking Creditors. XIV. Removal of Trustees. 1. Appointment of Receivers. Cross Reference to flonographic Note. Fraudulent and Voluntary Conveyances, appended to Cochran v. Paris, 11 Gratt. 348. I. GENERAL ASSIGNMENTS. It is a perfectly well-settled principle of law, as we shall see further on, that assignments for the benefit of creditors, which stipulate for the release of the debtor by the creditors from further liability for the residue of their demands, must convey all, or substantially all, of the debtor’s property. Long v. Meriden Britannia Co., 94 Va. 594, 27 &. E. Rep. 499; Skipwith v. Cunningham, 8 Leigh, 271; Gordon v. Cannon, 18 Gratt. 387, and note; Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. See infra, this note, '‘Stipulations for Release of Debtor.” The conveyance need not show on its face that it embraced all the estate of the grantors but this fact may be shown by other evidence. Long v. Meriden Britannia Co., 94 Va. 594. 27 S. E. Rep. 499. Debtor Cannot Impeach His Own Deed.- — But a debtor cannot set up the fact, against a deed executed by him for the benefit of his creditors, that it is invalid because all his property is not conveyed thereby, and thus enable him to take advantage of his own wrong. Robinson w Mays, 76 Va. 708. 1. WHEN DEED IS ABSOLUTE — DISTINGUISHED FROM DEED OF TRUST. — When a grantor in a deed of trust conveys all of his property to a trustee for the benefit of his creditors, with power to sell the same immediately, and authorizes the trustee, after paying the expenses of the trust and discharging the lien on the property, to make a pro rata distribution of the proceeds among the grantor’s creditors, and reconvey to him whatever may remain unsold in case the property shall be more than sufficient to pay all debts, such deed is absolute, and the conveyance is to a trustee for the purpose of raising a fund with which to pay debts, as distinguished from a deed of trust in the nature 651
*652 Virginia Reports, Annotated. 10 GRATT. of a mortgage to secure the payment of debts, and amounts to an appropriation of the property; so far as may he necessary to the accomplishment of that purpose. Sandusky v. Faris (W. Va.), 38 S. E. Rep. 563. II. WHO MAY ASSIGN 1. CORPORATIONS. — An insolvent corporation has a right to assign all of its property for the benefit of its creditors generally. Indeed, it would be strange if this were not true. After a corporation has become insolvent, being unable to proceed with its business, the only proper thing to be done is to dispose of its property to those entitled to receive it; and the best and fairest way to do this is to assign its property to a trustee for' the benefit of its creditors. Lamb v. Cecil, 25 W. Va. 288. It was held in Farmers’ Bankv. Willis, 7 W. Va. 31, that the bank has the right to assign its assets for the benefit of its creditors, independently of the act of the general assembly of Virginia, passed in 1866 on that subject. Power of President and Cashier. — Where the management of the affairs of a corporation is intrusted by its charter to the board of directors, the president and cashier, unless specially authorized by the charter, have no power to assign the choses in action of the corporation to its creditors as security for payment of a precedent debt of the corporation without authority from the board of directors. The assignment so made is not merely voidable, but absolutely void. Lamb v. Cecil, 25 W. Va. 288. Insolvency — Duty of Directors — Preferences.—In the event of the insolvency of a corporation, it is the duty of the directors to act in the discharge of their duties with prudence, vigilance and fidelity, and to apply its assets, for the benefit of the creditors in preference to the claims of stockholders and other persons. Planters’ Bank v. Whittle, 78 Va. 737. Directors Not Creditors’ Trustees. — Directors of a corporation are not technically trustees for the creditors, in the event of its insolvency, nor are they bound to apply the assets ratably among the general creditors. Planters’ Bank v. Whittle, 78 Va. 737. Trust Fund for Creditors. — A deed of trust conveying all the property of a corporation for the benefit of all who are or may be holders of stock of a certain issue, does not create a trust fund for the benefit of the creditors of the corporation, though it contains the resolution of the stockholders authorizing it, reciting that it was deemed expedient to execute a mortgage and issue bonds, the money to be derived from the sale thereof to be used to pay the outstanding debts of the corporation and for improvement, and though it contains a provision that the trustee deliver a certain amount of the bonds to the corporation, tobe applied to the payment of their outstanding indebtedness, and such other uses as the directors shall determine. Roanoke St. By. Co. v. Hicks, 96 Va. 510, 32 S. E. Rep. 295. Common Seal Affixed — Presumption — Officers. — When the common seal of the corporation appears to have been fixed to a deed of assignment for the benefit of creditors, and the signature of the proper officers are proved, the courts ought to presume, that the officers did not exceed their authority; and the seal itself is prima facie evidence that it was affixed by proper authority. The contrary must be shown by the objecting parties. Lamb v. Cecil, 25 W. Va. 288. Copy of Deed Sufficient. — Where a deed of assignment was made for the benefit of the creditors of the corporation, a copy of said deed from records of deeds of the county may be exhibited with the bill by the trustee with the same effect, as if he had filed the original. Lamb v. Cecil, 25 W. Va. 288. 2. PARTNERSHIPS. — A partnership in failing circumstances may make an assignment for the benefit of its creditors; and if two or three partners, convey all of the effects of the firm and the individual property, and the third has none, they may require a release both of the firm and all the members, by the creditors who accepted the deed. Gordon v. Cannon, 18 Gratt. 387. Partner’s Implied Authority to Assign. — “It is settled, law that one partner has no implied authority to make a general assignment of the effects of the partnership for the benefit of creditors, unless his. copartner is absent so that he cannot be consulted, or is incapable of giving his assent or dissent. Such an assignment is a virtual dissolution of the partnership; it supersedes all the business of the firm, as such, and takes from the control of each partner all the property with which the business is conducted ; nor do the purposes of the business require that such power should be implied. ” Hill v. Postley, 90 Va. 200,17 S. E. Rep. 946. “Thus far there is no American case which says that one partner, when the other members are present, may, without their consent, make a general assignment of the firm effects to a trustee for the benefit of creditors.” Livingston v. Russell, 1 Am. Lead. Cas. 447. Right of Surviving Partner to Assign — Preferences.— Upon the death of one member of an insolvent firm the survivors may make a valid general assignment of the firm assets for the benefit of the firm creditors and give preferences. Patton v. Leftwich, 86 Va. 421,10 S. E. Rep. 686. See also, Galt v. Calland, 7 Leigh 594. One Partner Absent from State. — It is settled law that one partner, in the absence of his copartner, has the right to convey the assets of the firm (other than real estate) to trustees to secure the creditors of the partnership. But when all the partners are present they have a right to be consulted in giving a preference to particular creditors, but when one or more are out of the state, the resident partner is the sole manager of the firm, and may convey the assets and choses in action to creditors of the company to discharge firm debts, and hence may give preferences. Williams v. Gillespie, 30 W. Va. 586, 5 S. E. Rep. 210; Millhiser v. McKinley, 98 Va. 207, 35 S. E. Rep. 446. Resident Partner May Assign Personalty but Not Realty. — It is perfectly well settled that a resident partner, who has the management of all the business of the company (the other parters residing out of the state) has the power to deliver over and assign the goods and choses in action of the company to the creditors of the company, in discharge of the partnership debts. But as to real estate, which passes by deed only, the deed of one partner passes nothing but his own interest therein, because the deed of one partner is not the deed of the others, nor has he, as a partner, the power to execute the deed for them. McCullough v. Sommerville, 8 Leigh 415. Effect of Seal. — Though one partner cannot in general bind his copartner by deed, so as to make it operative at law as a deed, yet an assignment by one partner of the effects of the firm for the benefit of creditors, which would be lawful if there were 652
*653 jSTote on Assignments for the Benefit of Creditors. 10 GRATT. no seal, will not T)e allowed inequity to be defeated, by the circumstance of a seal being annexed to the instrument. It seems, moreover, that an assignment of partnership effects, made by one partner by instrument under his seal, would, at law, be as effectual and binding on the other partner, as if there were no seal. M'Cullough v. Sommerville, 8 Leigh 115. Deed indiscriminate —Reformation.—Where partners make an indiscriminate conveyance of individual and social property to pay individual and social debts, or make a deed purporting to convey only individual propert3r, the deed will notbe held fraudulent either in fact or in law, but equity will reform the deed according to the probable intent of the grantor, and the justice of the case, and apply the property to pay the respective creditors, observing any order and preference established by the deed. McCullough v. Sommerville, 8 Leigh 115 ; Gordon v. Cannon, 18 Gratt. 387, and 7oote. Deed to Be Construed Distributively.— An assignment for the benefit of creditors, made by the members of a private banking firm in Virginia, and conveying all their individual and firm property for both individual and firm debts, will not be held fraudulent on its face because it appropriates partnership assets to pay individual debts in preference to partnership debts, where the state court has ■decided that such deeds should be construed distributively, and the partnership assets should be applied to partnership debts, and the individual assets to individual debts ; and also where both the assets and the debts were so mixed that it was impossible, at the time of the assignment, to distinguish between them. Peters v. I3ain, 133 U. S. 670, 10 Sup. (Jt. 351; McCullough v. Sommerville, 8 Leigh 415 ; Gordon v. Cannon, 18 Gratt. 387. Presumption as to Individual Assets — Release Clause. —Where an assignment is «made by a firm of the social assets to pay the social debts, containing a release clause, but conveying no property of the individual creditors, the law does not presume that such property existed and was withheld from the creditors, but the presumption is in favor of innocence and hone.sty. Long v. Meriden, etc., Co., 94 Va. 594, 27 s. E. Pep. 499. Partnership, Individual Debts — Expert Evidence.— Where an attempt is made to prove, by an expert accountant, that debts constituting a part of the consideration for an assignment of partnership interests, were individual, and not partnership debts, by showing that there was no entry of them upon the partnership books, and the expert testifies that the books were so poorly kept that they did not show fully or satisfactorily the transactions ot the firm, and that he was unable to find any entry on the books of the debts named, and also failed to find on the books any entry of other debts which were admitted tobe partnership debts, then such evidence is insufficient to prove that the debts were individual, and not partnership debts, so as to invalidate the assignment as a transfer by one partner of his interest in an insolvent partnership to his copartner so as to enable the latter to make a valid assignment of the partnership effects to pay his separate creditors, no fraud having been shown in the making of such assignment. Millhiser v. McKinley, 98 Va. 207, 35 S. E. Rep. 446. Individual Debts — Denial in Answer — Effect.—When the answer to a bill filed to set aside an assignment of partnership interests denied that a part of the debts specified as consideration for the assignment were individual debts, as charged, and averred that they were partnership debts, and the bill waives an answer under oath from the defendants, nevertheless the denial of the answers constitutes a traverse of the allegations of the bill, and puts the complainants upon proof of the charge. Millhiser v. McKinley, 98 Va. 207, 35 S. E. Rep. 446. 111.WHO ARE INSOLVENTS. “To render a person insolvent under the statute (Code of West Virginia 1891, § 2, ch. 74), he must be one whose whole property will not pay all his debts. Simply because a trader fails to meet all his obligations when due, though his assets be more than ample to pay them all, would be too harsh and rigorous a construction of the intention of the legislature.” Wolf v. McGugin, 37 W. Va. 552,16 S. E. Rep. 797 ; McArthur v. Chase, 13 Gratt. 683. IV.WHO HAY BE ASSIGNEE. Effect of Trustee Being a Secured Creditor. —The fact that the trustee in a deed of assignment is a creditor secured therein, does not affect the validity of the deed, but only the power of the trustee to act If the debtor does not object to his acting, it is no reason why another creditor should object: if that is the only objection to him. Gordon v. Cannon, 18, Gratt. 387 ; Johnston v. Zane, 11 Gratt. 564. V.WHAT PASSES BY ASSIGNilENT. Claims against Government. — Under the words in a deed of. trust, “all debts due the grantor,” a claim which the grantor has ’on a foreign government for damages for detention of a ship will pass. Grifiln v. Macaulay, 7 Gratt. 476. Rights of Action for Damages. — The rights of action transferred to the assignee are rights of action founded upon beneficial contracts made with the bankrupt, where the pecuniary loss is the substantial and primary cause of action, and for injuries affecting his property, so far as they do not involve a claim for personal damages. Dillard v. Collins, 25 Gratt. 343. Claims for Personal Damages. — Under the English Bankrupt Act and the Bankrupt Act of 1841, and the present act, the rights of action which are transferred to the assignee do not include claims for personal damages. Dillard v. Collins, 25 Gratt. 343. Crops. — A deed of trust which, among other things, conveys growing crops of wheat, rye and oats, and which is not to be enforced for two years from the date thereof, is not per se fraudulent as to creditors. Cochran v. Paris, 11 Gratt. 348; Dance v. Seaman, 11 Gratt. 778. Unpaid Subscriptions to Stock. — A deed of trust for the benefit of creditors which includes, “all the estate, property, and rights, and credits” of the grantors, “of every kind and wherever situated,” enumerating many by name, and followed with “all means payable to the company, whether on tolls or assessments on stock for the company or otherwise” will pass the title to the unpaid subscriptions to the capital stock of the company to the trustees, with power to collect and receive the same, when authoritatively called for, to the extent of the rule made. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866. Claims Not Yet Due. — A conveyance by an insolvent Arm to a trustee, of all debts due them, under the special provisions of the deed, was held only to pass the balance of a debt, after offsetting a claim not yet due, held by the debtor against the firm. Fry v. Boyd, 3 Gratt. 73. Right to Perfect Mechanic’s Lien. — The right to 653
*654 10 GRATT. Virginia Reports, Annotated. perfect an inchoate.mechanic’s lien, existing- in a-contractor under § 2475 of the Va. Code, passes by his general assignment for the "benefit of his creditors to his assignee, and the assignee, on the completion of the worlr, may take the necessary steps to perfect the lien, although the statute is silent on the subject: Bristol, etc., Co. v. Thomas, 93 Va. 396, 25 S. E. Rep. 110. Property Held In Trust. — A debtor may make a conveyance to a trustee for the benefit of his creditors of property held by him nominally in trust for others, but which is equitably and in reality his own, and withhold property nominally his own, but which in reality belongs to others. Brown v. Putney, 90 Va. 447, 18 S. E. Rep. 883. Assignment to Secure Future Advances —One may not only convey or transfer a chose in action or any other property to secure an existing indebtedness, but it is also well settled that he may likewise do so for the purpose of securing future loans and advances. Didier v. Patterson, 93 Va. 534, 25 S. E. Rep. 661: Alexandria Savings Institution v. Thomas, 29 Gratt. 483. Indebtedness of a Partner to Firm. — Under the words in a deed of trust, “all debts due the grantor,” the indebtedness of a partner of the grantor to the partnership will pass. Grifan v. Macaulay, 7 Gratt. 476. Bond of Partner Does Not Pass. — If a bond be executed to the acting partner of a late mercantile company, a deed from such partner conveying all his real and personal property, in trust, for the payment of his debts and those of the company (without mentioning the debts due to the company), is not to be considered an assignment of such bonds to the trustee. Anderson v. Bullock, 4 Munf. 442. Property Exempt by Law. — A failure to convey property exempt by law does not avoid the deed on the ground that it does not convey all or substantially all of the property of the debtor. Such property as is exempted under the poor debtor’s law and the homestead exemption need not be conveyed. Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. It is not a badge of fraud, that the assignor, in an assignment for the benefit of creditors, omits to include a small amount of exempted personalty. Paul V. Baugh, 85 Va. 955, 9 S. E. Rep. 329. Borrowed and Collected Money. — where checks and drafts were sent by a bank to a banking firm for collection, but before they were received the firm was dissolved by the death of a partner, it was held that the surviving partner should have either returned the checks or remitted the proceeds to the bank, and that the firm’s assignee for the benefit of creditors must pay over such proceeds to the bank. First Nat. Bank of Alexandria v. Payne, 85 Va. 890, 9 S. E. Rep. 153. Property Must Be Included in Assignment. — Under a bill filed by general contract creditors, asking the court to administer the trust created by a general assignment by their debtor for the benefit of creditors, the court has no jurisdiction to subject the property not included in the assignment, and on which the plaintiffs have acquired no lien. Spindle v. Fletcher, 93 Va. 186, 24 S. E. Rep. 910. Assignor Competent Witness. — The assignor in a deed conveying property for the benefit of creditors, is a competent witness to prove that the property levied on by the sheriff is the same property conveyed by the deed. Kevan v. Branch, 1 Gratt. 275. 1. CONFLICT OF ASSIGNMENT LAWS. Voluntary Assignments. — A voluntary assignment for the benefit of creditors of personal property and chosés in action wherever situated or found, will pass to the assignee property situated in another state, unless it comes in conflict with some positive or customary law of the state or place where the property or dioses may be located or found, and the assignment will have priority over an attachment by a creditor of the'foreign state, which was served on the debtor of the assignor after the assignment, and before the debtor had notice of it. But this rule does not apply in the case of involuntary and coercive assignments. Bank of the Valley v. Gettinger, 3 W. Va. 309; Harrison v. Bank, 9 W. Va. 424. Foreign Assignment — Priority.— Certain debtors, residents of North Carolina, convey their property to trustees to secure the payment of their debts. The terms of the trust deed were broad enough to include certain dioses in action due from debtors in Virginia, and secured on lands in the state of Virginia. The deed is recorded in North Carolina 'before an attachment is levied on the dioses in Virginia in the hands of the debtors, but is not recorded in Virginia until after the attachment is levied. The court held, however, that the deed, though not recorded in Virginia until after the attachment was levied, will, nevertheless, take priority over the attachment. Gregg v. Sloan, 76 Va. 497. Foreign Assignment — Construction. — A deed of assignment, after conveying the debtor’s property, and describing it by its location, which is Virginia, adds, “and it is further expressly understood, thatif through accident or forgetfulness or inadvertence the grantor has omitted to mention any claim or property that the same shall be understood as being conveyed hereby to the said trustees, to all intents and purposes as fully as if specifically mentioned.” Held, that certain goods, situated in Ohio, would pass by the deed. Wickham v. Martin, 13 Gratt. 427, and note. Effect upon Debts Due Assignor in Foreign State.— A deed of assignment conveying all the debtor’s property, and valid according to the laws of the state where the assignment is made, will operate to pass property, belonging to the debtor wherever situated, hence it will have priority over an attachment against the creditor in the foreign state, which is levied after recordation in the home state, but before recordation in the foreign state. Gregg v. Sloan, 76 Va. 497. vi. requisites and validity. 1. JOINDER OF WIFE OF ASSIGNOR — In Virginia the wife must join in an assignment of real estate to bar her dower. Reynolds v. State Bank, 6 Gratt. 174. 2. SCHEDULE OR INVENTORY. Assignment Valid before Schedule Annexed. — A deed conveys a stock of goods of the grantors, and refers to a schedule of the goods, which when made out is to be considered as annexed to the deed, and to be taken as apart of it. Though the schedule is not annexed before the recording of the deed, the deed is valid without it. Gordon v. Cannon, 18 Gratt. 387. Effect Where There Is No Specification in Deed or Schedule. — A deed of trust is not fraudulent because it conveys among other things, cattle, household and kitchen furniture, and debts, without specification, either in the deed, or by schedule accompanying it, and provides that the assignor shall remain in possession of the property for six months, and 654
*655 Note on Assignments for the Benefit oe Creditors. 10 GRATT. that no creditor shall Raye tire benefit oí the trust, who does not release the assignor from any further liability in three months. Kevan v Branch, 1 Gratt. 274. Necessity of Inventory. — The failure of a trustee to take an inventory of the goods conveyed, does render the assignment void; this circumstance goes to the conduct of the trustee, and not to the provisions of the deed, williams v. Lord, 75 Va. 890. Improper to Sell Schedule Itself. — Where a variety of property is embraced in a schedule, a sale, not of the property specifically, but of the schedule itself, is a violation of duty on the part of the sheriff; and the purchaser at such a sale, if he acquired the legal title, would, in a conrt of equity, be treated as a trustee for the benefit of those interested. Clough v. Thompson, 7 Gratt. 26. Omission of Schedule as Evidence of Fraud. — “No irresistible inference of a fraudulent intent is deducible either from a provision postponing a sale of property for a reasonable length of time, and reserving the use thereof to the grantor in the meantime, or from the omission to annex a schedule of the property, or from all these circumstances combined.” Berks, J., in Brockenbrough v. Brock-enbrough. 31 Gratt. 580; Young v. Willis, 82 Va. 298. 3. ACCEPTANCE. Acceptance Unnecessary. — It is not necessary to the validity of a deed of trust, that it should be executed by the cestui que trust. The deed operates to pass the legal title so soon as executed by the grantor and trustees, and can only be avoided by the dissent, express or implied, of the cestui me trust. Skipwith v. Cunningham, 8 Leigh 271; Merchants’ Bank of Danville v. Ballou, 98 Va. 112, 32 S. E. Rep. 481. A deed of assignment passes the legal title as soon as executed by the assignor and the trustee, and can be avoided only by dissent, or disclaimer, express or implied, of the trust creditors. Acceptance by the cestui que trust is unnecessary to the validity of the deed. Zell Guano Co. v. Heatherly, 38 W. Va. 409. 18 S. E. Rep. 611. Though a deed is executed without the knowledge of the creditors secured by it, yetif, when informed of its execution, they assent to it, it is valid. Cochran v. Paris. 11 Gratt. 348; Dance v. Seaman, 11 Gratt. 778. Knowledge of Execution — Presumption.—It is not necessary to the validity of a deed of assignment, that it should be executed by the trustee or beneficiaries, or even that they should know of its existence before the intervention of subsequent claims. The deed being apparently for the benefit of the creditors thereby secured, their acceptance of it will be presumed until the contrary appears. If any of them refuse it, their refusal will relate back to the date of the deed, and avoid it ab initio as to them. 13vans v. Greenhow. 15 Gratt. 156. Ratification or Assent Necessary. — But where a deed of assignment has had no sanction by previous assent or subsequent ratification, it is no shield of the property against subsequent levy of executions by the creditors named therein, or other creditors, nor any effectual impediment to the bona fide conveyance by the grantor for valuable consideration. Spencer v. Ford, 1 Rob. 648. Presumption as to Assent — Effect of Subsequent Assent. — “The American authorities upon this subject are somewhat variant, but the great majority of them concur in principles fatal to the pretensions of the appellant. Some hold, that where a deed is beneficial to the grantee, his assent will be presumed until the contrary appears. 2 Conn. Iiep. 633; North y. Turner, 9 Serg. & Rawle 244; Gray v. Hill, 10 Id. 436; Smith v. The Bank of Washington, 5 Id. 318; wilt v. Franklin, 1 Binney 502. Some declare that the subsequent assent of the grantee renders the deed good by relation. 7 Peters 609, 2 Gallison 557. And this would seem conformable with the doctrine as to an escrow, where the second delivery relates back to the first and avoids all mesne acts. It seems to have very generally prevailed in relation to assignments for the benefit of creditors, whose subsequent assent has been deemed sufficient to give effect to the deed ab initio. 9 Mass. Rep. 307. 13 Johns. Rep. 285; Marbury v. Brooks, 7 wheat. 556; Brooks y. Marbury, 11 wheat. 78; Nicoll y. Mumford, 4 Johns. Ch. Rep. 629.” Tuckiok, P„ in Skipwith v. Cunningham, 8 Leigh 271. 4. NECESSITY OF RECORDATION. — A deed of assignment for the benefit of creditors is void in Virginia as to creditors until recorded. Va. Code, ch. 114, § 1; Shufeldt v. Jenkins, 22 Fed. 359. Recordation Unnecessary Where Possession Is Given. - -But a deed that conveys and delivers personal property to trustees for the purpose of paying debts therein specified, and under which the trustees take possession of the property and proceed to sell it for the purposes of the trust, is valid as a. transfer thereof and need not be recorded to protect the property against the demands of creditors who had not acquired liens upon it before the transfer was consummated. Clark y. Ward, 12 Gratt. 440. By Whom Deed Recorded. — A deed to a trustee for the benefit of creditors may be admitted to record by a clerk who is the trustee therein, and acted as the counsel of the grantor in its preparation, as the act oí admission is ministerial only. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329. 5. DELIVERY. — Delivery of a deed of assignment, it would seem, is absolutely essential. It is the final act, the formal declaration of the grantor’s determination to complete the conveyance or enter into the contract. Skipwith v. Cunningham, 8 Leigh 271. VII. PREFERENCES. 1. AT COMMON LAW. — “Nothing can be more firmly settled than at common law, apart from the statutes of bankruptcy, a debtor, even in failing circumstances, until his property is specifically bound to the satisfaction of his debts, has an absolute right to dispose of it at his pleasure. He may giye undue preference to a part of his creditors, or even to one. and such preference cannot be treated as a fraud.” Savings Inst. v. Thomas, 29 Gratt. 490. At common law, a man. though insolvent, until a lien became fixed in some way on his property, might, without fraud, convey or transfer it in trust, and prefer one creditor over another, even though it left no estate to pay other creditors. Wolf y. McGugin, 37 W. Va. 552, 16 S. E. Rep. 798; Harden v. Wagner, 23 W. Va. 356; Skipwith v. Cunningham, 8 Leigh 271. But see Code of West Virginia, § 2, ch. 74, which has changed the common law in this respect in so far as it relates to insolvent debtors. When a deed of assignment for the benefit of creditors is unaffected by the bankrupt law, a partner has a right to convey partnership property to secure firm creditors, and in doing so to make preferences among them. Millhiser v. McKinley, 98 Va. 207, 35 S. E. Rep. 446. Tt is firmly settled that a debtor in failing circumstances may make a valid assignment of his whole 6SS
*656 O GRATT. Virginia Reports, Annotated. estate (subject, however, to existing" liens thereon), ior the benefit of his creditors, in such order of priority as he may choose to prescribe in the assignment; and though his estate be insufficient for the payment of all ¡his debts, he may lawfully subject it, in the first place, ,to. the payment in full of such of his debts as he may choose to prefer, and then to the payment pro raía of the claims of such of his creditors as may, in a reasonably limited period accept the terms of the assignment and release him from all further and other liability on account of said claims. And such an assignment may be valid, even though it does not direct any surplus which may remain after satisfying the claim of the accepting and releasing creditors to be applied to the payment of his other debts, or any of them; or even though it directs any such surplus to be paid to the debtor himself. Gordon v. Cannon, 18 Gratt. 387, and note. The following language was used by Judge Riedy in Long v. Meriden, etc., Co., 94 Va. 596, 27 S. B. Rep. 499; “If anything can be considered as settled by repeated judicial decisions and lapse of time, it may be considered as thoroughly settled in this state that a deed of assignment by a debtor of his property for the payment of his debts, which stipulates for his release by his creditors from personal liability for such part of their debts as the fund may not discharge, though giving preferences to some of the creditors, is valid. It is too late at this day to depart from a doctrine so consistently recognized and uniformly enforced by this court, and to question the validity of such a deed of assignment.” It is settled th at a debtor, in failing circumstances, may make a valid assignment for the benefit of creditors, and may make preferences as between them. To make such preferences is neither illegal nor immoral when not prohibited by statute. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329; McCullough v. Sommerville, 8 Leigh 415; Evans v. Greenhow, 15 Gratt. 156. It was held in Skipwith v. Cunningham, 8 Leigh 271, that notwithstanding certain creditors, that are embraced in a deed, will have preference to the judgment creditor, yet the latter has a right to an account of the trust fund, and to the payment of his debt out of the surplus, if any, after satisfying the preferred creditors and those who accede to the composition. As a debtor has the right to pay one creditor in preference to another, so he may, without the imputation of fraud, secure one creditor to prevent another from getting an advantage. Williams v. Lord, 75 Va. 390. In Virginia, the fact that an assignment for the benefit of creditors contains preferences is not in itself a badge of fraud rendering the assignment invalid. Talley v. Curtain, 54 Fed. Rep. 43. Preference Conditional — Release as Condition. — A debtor in failing circumstances may convey his whole property for the payment of his debts, giving preferences among his creditors, and require a release from such as accept it. Gordon v. Cannon, 18 Gratt. 387. Must Be Plainly Expressed. — But preferences in assignments for creditors must be distinctly declared, as they are disfavored in law. Goodman v. Henry, 42 W. Va. 526, 26 S. E. Rep. 528. Knowledge of Creditors Unnecessary. — A deed of trust to secure certain preferred creditors, is not fraudulent per se, because made without the knowledge of the creditors. Dance v. Seaman, 11 Gratt. 778. A debtor, on the verge of insolvency, and in the absence of statute, may execute a deed of trust to secure bona fide creditors, in preference to others, and provide that he shall remain in possession for three years, by paying interest on the secured debts, even though executed without the knowledge of or consultation with the creditors secured, and the deed will not be fraudulent in itself. Sipe v. Ear-man, 26 Gratt. 563; Young v. Willis, 82 Va. 291. See also, Norris v. Lake, 89 Va. 513,16 S. E. Rep. 683. Effect of Statute of Fraudulent Conveyances upon Rule. — The act for the prevention of fraudulent conveyances does not apply to those made bona fide for a valuable consideration, and does not prevent a debtor, in failing circumstances, from preferring one class of creditors to another, the legality of which arrangement is too well settled to be called into question now. Skipwith v. Cunningham, 8 Leigh 271; McCullough v. Sommerville, 8 Leigh 415. In the latter case it was held to be entirely fair and legal for a debtor in failing circumstances to prefer, inpayment, one just creditor, orsetof creditors, to another; nor is his right to do so, at all weakened or impugned by the maxim that equality is equity. It cannot interfere with the right of creditors to make preferences. Impeaching Creditor Does Not Acquire Priority. — A creditor who successfully impeaches one of the preferred claims, does not thereby obtain the preference originally given such claim, for the rule is well settled, that the creditor cannot impair or displace any prior, valid, subsisting lien. Zell Guano Co. v. Heatherly, 38 W. Va. 409,18 S. E. Rep. 611; Hulings v. Hulings, 38 w. Va. 357, 18 S. E. Rep. 620. Unconditional Preference of Surety. — ■An assignment for the benefit of creditors, cannot unconditionally prefer a creditor, who is surety on the note of the assignor, where it does not appear that he has paid, or will be required to pay, as surety, the debt for which he is bound. Stoneburner v. Motley, 95 Va. 784, 30 S. E. Rep. 364. Preference of Debt Barred by Limitations. — An assignment for the benefit of creditors may prefer a debt barred by the statute of limitations at the time of its execution. Stonebiirner v. Motley, 95 Va. 784, 30 S. E. Rep. 364. 2. UNDER STATUTES — Under Va. Code 1873, ch. 57, § 63, which provides that liens or encumbrances giving preferences to creditors, except to secure debts contracted or money borrowed at the time of creating the lien or encumbrance, shall enure to the benefit ratably of all the creditors of the company existing at the time, there may be an assignment of the assets of the company, at their face value, in discharge of the indebtedness, when no lien is created by so doing. Planters’ Bank v. Whittle, 78 Va. 737. Notice of Insolvency Immaterial. — If a party, giving a preference is insolvent that is enough to avoid such preference under § 2, ch. 74, of the West Virginia Code of 1891, and lack of notice by the creditor receiving the preference is immaterial. The party dealing with the seller must inquire as to the status of the party with which he deals. The public law tells him this. Wolf v. McGugin, 37 W. Va. 552, 16 S. E. Rep. 797. The act of February 12,1866, which requires banks of the commonwealth to go into liquidation, the banks being insolvent, and execute deeds conveying all their property, including debts due to them, to trustees for the payment of debts, forbids and pre-6S6
*657 Notb on Assignments bos thk Bbnbbit ob Creditors. 10 GRATT, vents all preferences among the creditors of the hank. Exch. Bank Y. Knox, 19 Gratt. 739. Form of Instrument Immaterial. — The form of the instrument or act by which the preference forbidden by the statute, whether by deed of trust, assignment. or sale is accomplished is immaterial, so that it results in such preference, it being the design of the statute to prevent an insolvent debtor from devoting his property to work a preference among his creditors. The contention that the statute only applies to general assignments for creditors, and not to a transfer of a specific property for particular debts, is unfounded, and whether partial or general, the statute applies. Code W. Va. 1891, § 2, ch. 74; wolf v. McGugin, 37 W. Va. 552, 16 S. E. Rep. 797. Courts of Equity. — A court of equity will take charge of property transferred or charged to give a preference to creditors contrary to statute and apply it pro rata upon all debts, whenever it shall become necessary to resort to tins to defeat a preference. Wolf v. McGugin, 37 W. Va. 552, 16 S. E. Rep. 797. 3. CORPORATIONS. — An insolvent corporation, like an insolvent individual, may give preferences to particular creditors in a general deed of assignment of all its property for the benefit of its creditors, upon its ceasing business. Pyles v. Riverside, etc., Co., 30 W. Va. 123, 2 S. E. Rep. 909, and note 2; Burr v. McDonald, 3 Gratt. 215. It was held in Burr v. McDonald, 3 Gratt. 215, that a deed by a private corporation in trust to pay its debts, which gives preferences in favor of some of its stockholders for the suretyship of the corporation, if made prior to the Act of Feb. 15, 1837, Sess. Acts 1836-7. ch. 84, § 17, p. 79, Is legal and valid. a. Chabtisbkd Companies. —Preferences by chartered companies are forbidden. Va. Code 1887, § 1149. b. Stabe Dboisrs. — “Where there was a decision in Virginia, seventeen years before the formation of this state, holding that an insolvent corporation, having ceased to do business, could prefer creditors, and at the time of such decision there was a statute in existence in Virginia, but not applicable to the case decided, which denied to a minina or manufacturing corporation the right to make any incum-brance preferring a creditor, and such statute continued until 1863, after the formation of this state, when it was repealed by implication, and there has been no statute in force in this state for twenty-four years denying the right of a corporation to make preferences, the law, as thus settled in Virginia, is the law of this state, and cannot be changed except by the legislature. The decision thus rendered has become a rule governing property, and it is not in the power of the court to change it.” Pyles v. Riverside, etc., Co., 30 W. Va. 123. 2 S. E. Rep. 910, and note. c. eppeot ok Statutes. --It was held in Pyles v. Riverside, etc., Co., 30 W. Va. 123, 2 S. E. Rep. 909, that there was nothing in any of the statutes of West Virginia that would take away the common-law right of a corporation, that is insolvent, to prefer a creditor the same as a natural person could do. But the statute is now changed on this subj ect. See latter clause of sec. 2, ch. 74 of the Codew. Va. 1891 (Acts 1891, ch. 123). Under Acts 1863. ch. 83, § 18, declaring that a corporation may do for the purposes for which it is incorporated, and in the transaction of its proper business, but subject to the restrictions contained in the act, “whatever would be lawful for a natural person to do,” an insolvent corporation may make preferences in a deed of trust for the benefit of its creditors. Ruffner v. Welton Coal & Salt Co., 36 W. Va. 244, 15 S. E. Rep. 48. 4. TRUSTEES. When Trustee May Prefer Himself, — Where the deed of trust authorizes it, the assignee or trustee may first pay any debt that is owing to him from the debtor. French v. Townes, 10 Gratt. 513. Right to Preference Waived. — But although a trustee is entitled to a preference as to some of his claims, by the express provision of the trust deed, still an admission in his answer, in a suit by another creditor, that he is not entitled to such preference, will constitute a waiver of it. French v, Townes, 10 Gratt. 518. 5. DIRECTORS. Directors May Prefer Themselves. — It is not only settled that directors may make preferences between creditors, but such preferences may be made in their own favor when they themselves are creditors of the corporation. Of course in such cases they must act with the utmost good faith, and the transactions to be upheld must be free from the taint of fraud or suspicion. Planters’ Bank v. Whittle, 78 Va. 737. Bank Insolvent — Right of Directors to Preference.— But it seems that where a bank is insolvent, and should have closed its doors, a director has no right to draw his money and thus prefer himself to the other creditors for whom he was acting as trustee. Lamb Y. Laughlin, 25 W. Va. 322. 6. SURETIES OF DEBTOR. Preference to Sureties of Debtor. — Where a deed of trust is made to secure certain creditors, for some of whose debts sureties are bound, and the deed directs the trustees so to dispose of the trust property that no surety in the said debts shall suffer or be injured on account thereof, then the debts for which the sureties are bound are preferred debts, and to be first satisfied. Miller r. H oleombe. 9 Gratt. 665; French v. Townes, 10 Gratt. 513. VIII. RESERVATIONS AND STIPULATIONS. 1. RESERVATIONS FOR BENEFIT OF ASSIGNOR GENERALLY. — Where a deed of assignment for the benefit of creditors reserves to the assignor a power inconsistent with the avowed object for which the deed is made, it is null and void, as to creditors and purchasers. Lang v- Lee, 3 Rand. 410; Didier v. Patterson, 93 Va. 534, 25 S. E. Rep. 661. A deed of assignment for the benefit of creditors that reserves to the grantor power to use and enjoy the property conveyed, that is inconsistent with the avowed object of the assignment, is void as to creditors. Saunders v. Waggoner, 82 Va. 316. But see Young V. Willis, 82 Va. 291. An assignment for the benefit of creditors that reserves any benefit to the grantor himself, or introduces limitations and contingencies such as will give him control over the property or its proceeds, so as to enable him, in elfect to defeat the conveyance; or to reserve the power to revoke it; or to stipulate for the maintenance of the grantor or his family, or for his employment at a fixed salary, will render the deed fraudulent. Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. “The doctrine in Virginia, settled by a long and uninterrupted line of decision, is that while there i may be provisions in a deed of trust of such a character as of themselves to furnish evidence sufficient V R, 10 Gratt — 42 657
*658 10 GRATT. Virginia Reports,'Annotated. to justify the inference Of a fraudulent intent, yet this cannot he so except where the inference is so absolutely irresistible as to preclude indulgence in any other. Hence, provisions postponing the time of the sale, and reserving the use of the property to the grantor meanwhile, though perishable and consumable in the use, permitting sales on credit, for the payment of surplus after satisfaction of creditors secured, the omission of a schedule or inventory,' and the like, have been regarded as insufficient to justify the court in invalidating the deed for fraud in point of law. The fraudulent intent is held not to be presumed, even under such circumstances, and in its absence the fact that creditors may be delayed or hindered is not of itself sufficient to vacate the instrument, while the right to prefer one creditor over another is thoroughly established. Dance v. Seaman, 11 Gratt. 778; Brock-enbrough v. Brockenbrough, 31 Gratt. 590; Young v. willis, 83 Va. 293.” Peters v. Bain, 133 U. S. 670,10 Sup. Ct. Rep. 354. Sale by Grantor When Required by Creditors. — A deed of trust for the benefit of creditors- does not reserve to the grantor an interest and control over the property inconsistent with its avowed objects and adequate to their defeat, because, after conveying certain property to the trustee, it directs him, “when so required by the creditors, to take charge of said property, and sell the same at public auction.” Stoneburner v. Motley, 95 Va. 784, 30 S. E. Rep. 364. Reservations by Corporation of Benefits. — A deed of trust executed in Virginia by the president, under authority of a resolution of the directors of the corporation created under the laws of Virginia, for the purpose of transacting an express and transportation business, and domiciled in said state conveying all its property to trustees for the benefit of its creditors, reserving the enjoyment of the property, under the title of the trustees, from its date, Sept. 20, until Nov. 1, following, unless the trustees should be required by some creditor secured to take possession, and requiring the trustees, out of the proceeds of property, to pay all debts that might become due from the company, to its officers and agents, and all amounts of indebtedness that the company might incur to railroad companies for transportation, over and above the net receipts for such transportation for a like period, and further reserving to the grantor absolutely all tolls and compensation for the transportation of express matter not yet delivered to the consignees not transported under existing contracts, is to be construed by the laws of Virginia, and so construed, is valid. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866. See also, Railroad Co. v. Glenn, 28 Md. 287, which was decided especially in the light of Virginia decisions. Reservation for Small Debts. — where the assignor reserved a small sum for the purpose of paying small unliquidated claims, such reservation has been sustained, and held not to vitiate the assignment. Skipwith v. Cunningham, 8 Leigh 271, 31 Am. Dec. 642. Reservation of Bare Maintenance, etc., Valid. — A settlement which gives to the grantor a bare maintenance with his wife, for his life, and provides that the property shall not be subject to his debts thereafter contracted, does not vest him with such an interest in the property as can be subjected to satisfy such after-contracted debts. Johnston v. Zane, 11 Gratt. 552. a. Stipulations rob Employment of Grantor.— A deed of assignment for the benefit of creditors, which authorizes the trustee to run and operate the business for a limited time, and to employ agents to aid him in disposing of the stock, is not fraudulent per se because the trustee employed the grantor as his chief salesman to dispose of the stock of goods. Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. A deed, executed by the grantors, that required and provided, that they should be appointed the agent of the assignee, to remain in the store, and to sell the stock of goods until the whole shall be disposed of, and to collect the assets due the firm, was upheld in Janney v. Barnes, 11 Leigh 100. b. Retention of Possession by Grantor. RetentionofPossession for Three Years. — A deed of trust for the benefit of creditors which reserves to the grantor the right to remain in possession of the property for three years, and during that time to charge the property, to an indefinite extent, with such advances as might be made by the trustees, is void as to creditors thereby postponed. Sheppards v. Turpin, 3 Gratt. 373. Continuance in Possession for Six Honths. — But in Kevan v. Branch, 1 Gratt. 274, the deed of trust was held not to be fraudulent, though it stipulated that the assignor should be allowed to remain in possession of the assigned cattle and household furniture for six months. Retention of Possession for Eleven nonths. — A deed, conveying property to a trustee for the benefit of creditors, that provides for the retention of possession by the grantor, and that he shall receive the profits until the maturity of certain bonds, eleven months later, and in case of default in payment at the end of that time, then, at the request of any creditor, the trustee may sell the property, does not invalidate the deed. Such a provision is common in deeds of trust to secure creditors. The length of retention of possession is not unreasonable. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329. Retention of Possession for Sixteen nonths — Perishable Property. — On the other hand, where a deed of trust to secure creditors, conveys perishable property, such as wheat, to a trustee, with a provision that the grantor shall remain in possession for sixteen months, is a reservation inconsistent with the avowed purpose of the deed, as giving the grantor the opportunity to defeat the rights of creditors, and is void, because it is a possession with jus disponendi. The retention of possession of property for proper purposes, is different from the retention of the property with the power, express or implied, to dispose of it for the grantor’s own benefit. Such power is inconsistent with the character of the instrument, and is tantamount to a power of revocation. Gard-ner v. Johnston, 9 W. Va. 403. Retention of Possession for Three Years. — But the reservation, in a deed to secure creditors, of the right to manage the property therein conveyed for three years before sale, the rents and profits during that time to belong to the creditors secured, is not such an unreasonable restraint upon the power of sale as to constitute a fraud. Noyes v. Carter (Va.), 23 S. E. Rep. 1. Retention until Default of Payment. — A trust deed made by an insolvent debtor conveying his household and kitchen goods and furniture to secure a bona fide debt due from him to his mother, and payable at six months, with a provision in the deed that the grantor shall retain the possession, use, and en joy-658
*659 Note on Assignments eor the Beneeit oe Creditors. 10 GRATT. ment oí the property until there is default in the payment of the debt atits maturity, and the trustee shall be required by the creditor to sell the same, is a -valid conveyance. Klee v. Reitzenberger. 23 W. Va. 749. ‘Tt is settled in this state and in Virginia, that no conclusive inference of an intent to defraud is deducible from a provision in a trust deed postponing a sale of the property conveyed for a reasonable length of time, and reserving the use of it to the grantor until the sale, even though a portion of the property may be perishable in its nature, and consumable in the use.” Snydeb, J. (dissenting). Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203; Brockenbrough v. Brockenbrough. 31 Gratt. 590; Voung v. Willis, 82 Va. 298. In all, or at least most of the cases in Virginia and in West Virginia, where the deeds of trust have been held fraudulent on their faces, it appeared that the property conveyed, or a part thereof, was of a perishable nature, and the deed contained a clause permitting the debtor to retain possession and control. The deeds in the following cases were held void: Lang v. Lee, 3 Rand. 410 (a general deed of assignment, but stipulated that the grantor should remain in possession and make sales): Sheppards v. Turpin, 3 Gratt. 373; Spencer v. Bagwell. 6 Gratt. 444; Addington v. Etheridge, 12 Gratt. 436: Kuhn v. Mack, 4 W. Va. 186; Gardner v. Johnston, 9 W. Va. 403; Landeman v. Wilson. 29 W. Va. 702, 2 S. E. Rep. 203. c. Postponement of Sale. — Though a deed of assignment is not fraudulent by reason of a postponement of the time of sale, and the reserving the property to the grantor in the meantime, yet where the time of sale may be postponed or hastened by the grantor, so as to enable him to defeat any creditor who should attempt to sub j ect the interest in the property reserved to the grantor, to the payment of his debt, the deed is fraudulent. Quarles v. Kerr, 14 Gratt. 48, and note ; Brockenbrough v. Brocken-brough, 31 Gratt. 580. Postponement of Sale in the Deed for Three Years.— A provision in a trust deed, which authorizes a sale of-the property within three years, at the instance of the grantor, does not render the deed fraudulent. Sipe v. Earman, 26 Gratt. 563, and note ; Young v. Willis, 82 Va. 298. Postponement of Execution of Deed for Eighteen Months. — A deed which conveys without a schedule, household furniture, the various kinds of stock on a farm, bacon and lard, to secure a bona fide debt, but not to be enforced for eighteen months after its execution, is valid against creditors, though the deed was made without the knowledge of the creditor, and the grantor was indebted to insolvency at the time of the conveyance. Lewis v. Caperton, 8 Gratt. 148. Moreover, a deed which conveys land to secure a bona fide debt, which is not to be enforced for two years, and only then or afterwards upon a notice of the sale for one hundred and twenty days, is valid against creditors, and this is so even though the execution of the deed is postponed for five years from the date of the conveyance, and the rents and profits of the property in the meantime are reserved . to the grantor. Lewis v. Caperton, 8 Gratt. 148. 2. RESERVATION OE SURPLUS.™A provision, in a deed of trust to secure certain preferred creditors, that the surplus proceeds of the sale, after payment of the secured debts, is to be paid to the grantor, is notfraudulent in itself. Dance v. Seaman, 11 Gratt. 778. See also, Young v. Willis, 82 Va. 291, 297. Stipulation as to Surplus Void as to What Creditors.— But a provision in an assignment for the benefit of creditors, that repayment shall be made to the assignor of the surplus left after the complete discharge of the debts of all assenting creditors, is void, in so far as it attempts to protect such surplus from the claims of nonassenting creditors; but will not invalidate the assignment as to the assenting creditors. Skipwith v. Cunningham, 8 Leigh 271. Reservation after Paying, Accepting and Releasing Creditors. — An assignment for the benefit of creditors may be valid, even though it does not direct any surplus which may remain after satisfying the claims of the accepting and releasing creditors to be applied to the payment of his other debts, or any of them ; or even though it direct any such surplus to be paid to the debtor himself. Gordon v. Cannon, 18 Gratt. 387. Settlement of Surplus on Family of Debtor Valid.™ Moreover, a deed to secure creditors, which provides, in the first place, amply for all the'then existing debts of the grantor, and then settles the balance of the property on the grantor’s family, is, in the absence of actual fraud, a valid deed. Johnston v. Zane, 11 Gratt. 552. The Law Implies Reservation, When.™I$ut if an insolvent debtor makes an assignment of all of his property for the benefit of his creditors, reserving benefits to himself at the expense of his creditors, the assignment will be set aside as fraudulent and void. This rule, however, has no application to an assignment by the debtor, of the part only of his estate, made in good faith for the purpose of raising money or securing the existing creditors, reserving the surplus to himself. The law will imply such reservation. Didier v. Patterson, 93 Va. 534, 25 S. E. Rep. 661. Right of Unsecured Creditors to Surplus.™Creditors left unsecured by an assignment are entitled to an account of the property, In order that it may be determined whether there is any surplus out of which to pay their indebtedness. Skipwith v. Cunningham, 8 Leigh 271. Attachment of Surplus.™An attachment is served upon trustees in a deed of trust for the payment of certain debts, and among them are the debts due to the plaintiff in the attachment. There could be no surplus in the hands of the trustees until the-plaintiff’s debts were paid, and consequently there can. be no surplus in their hands liable to the attachment. Clark v. Ward, 12 Gratt. 440. 3. STIPULATIONS EOR RELEASE OE DEBTOR. 'It is settled law that where a debtor stipulates in his deed ol assignment for a release from his debts by his creditors, he is imperatively required to convey all, or substantially all, of his estate, or all of a substantial value. Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464; Skipwith v. Cunningham, 8 Leigh 271; Williams v. Lord, 75 Va. 400; Gordon v. Cannon, 18 Gratt. 387, and note\ Phippenv. Durham, 8 Gratt. 457; Kevan v. Branch, 1 Gratt. 274. A debtor cannot divide his property into two parcels, and protect himself in the enjoyment of one parcel by giving up the other; he oannotrequire his crédito t s to accept a part and release the others; and when he attempts it, the deed is fraudulent and void. Quarles v. Kerr, 14 Gratt. 48, and note. When a debtor in a deed of trust conveys aZZhis property to a trustee for his creditors, and gives to such creditors a reasonable time in which to accept 659
*660 10 GRATT. Virginia Reports, Annotated. its terms, ana provides that such as accept stall release all further claims against him, the deed is not fraudulent ver se. But if the deed does not convey all or substantially all of his property, the release cannot he upheld, for he can have no right, while he is full handed, to extort from his creditors a release of a part of their just demands. Clarke v. Figgins, 27 W. Va. 663; Kevan v. Branch, 1 Gratt. 274. “The decisions of Virginia allow the requirement of a release in an assignment.” Talley v. Curtain, 54 Fed. Rep. 49. a. Ewect on Securities. Effect on Collaterals Previously Assigned. — Collateral securities, assigned to a creditor previous to the deed of assignment, are not affected by a clause in the deed which requires a creditor to release the debtor from personal liability for any debts left unpaid after the trust fund is exhausted. The release will not extinguish the debt, nor deprive the creditor of any security held for it. For the release of a right cannot be construed to mean more than it expresses. Long v. Meriden, etc., Co., 94 Va. 594, 27 S. E. Rep. 499. Security Previously Assigned Unaffected, — A party to a composition deed, who executes the release required thereby, of all claims and demands against the grantor, in consideration of its benefits, is not to be prevented, either in view of the release, or of the general principles in regard to composition deeds, from retaining a note assigned to him in good faith by the grantor, before the execution of the deed, in discharge or payment of a bona Me debt. Lambert V. Jones, 2 P. & H. 144. Grantor Cannot Allege His Own Fraud. — When a deed of trust for the benefit of creditors conveys all of the debtor’s property, a stipulation for a release of the debtor contained therein, is valid; and the grantor will not be allowed to assail the deed on the ground that all his property was not conveyed by it. Robinson v. Mays,'76 Va. 70S. Need Not Appear on Its Face. — It is not necessary that a deed of assignment for the benefit of creditors should show, on its face, that all the estate of the debtor is conveyed. That fact may be proved by evidence aliunde. Gordon v. Cannon, 18 Gratt. 387, and note. Must Appear on Its Face. — But a deed, imposing a release, should show upon its face all that the creditors ought to know, for they have the right to be informed whether the assignor has transferred all his property. And where the deed does not, in fact, convey all the property, it is fraudulent in law. Shufeldt v. Jenkins, 22 Fed. Rep. 359. Although a deed of trust for the benefit of creditors, requiring a release, is good on its face, still it is fraudulent in fact, if it be shown by the evidence ana pleadings that some property has been withheld, and that it does not convey all as it purports to do. Clarke v. Figgins, 27 W. Va. 663. Policies, Not Speedily Convertible. — The object of an assignment for the benefit of creditors is a speedy realization of the assets and a prompt distribution amongst the creditors, hence a creditor need not, in a deed containing a release clause, include assets which are not speedily convertible, such as policies which contain no provision for a cash surrender value. Long v. Meriden, etc., Co., 94 Va. 594, 27 S. E. Rep. 499. Failure to include an Equity of Redemption. — Moreover, the failure to include in a deed of trust for the benefit of creditors, an equity of redemption in j land, when the prior incumbrances on the land far exceed its value, and so the deed would not be strengthened thereby, will not invalidate it, even though it contains a provision for a release as a condition precedent to payment, for such a failure is not an indication of fraud whether the debtor conveys all or substantially all of his property, and does not try to secure to himself a substantial benefit. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329. Property Exempt by Law. — Where a debtor, in a deed of assignment for the benefit of creditors, conveys to the trustee his entire estate, except what is exempt by law, although it stipulated for a release, the deed is valid, and it is not invalidated by the fact that the debtor fails to turn over or deliver up to the trustee, in pursuance of the terms . of the deed, any property of any kind, except that embraced in the exemption, when the title of the property is absolutely vested in the trustee, with the right to take immediate possession thereof, and he can recover from the debtor or other person any that is withheld from him. Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. Formal, Technical, Release under Seal Unnecessary. —Where a deed of assignment for the benefit of creditors does not in terms provide for the execution by the creditors of formal technical releases under seal, no such releases are necessary, but the taking the benefit of the trust shall, ex proprio vigore. operate a discharge of the debtor from personal liability. Robinson v. Mays, 76 Va. 708. Virginia and West Virginia — Stare Decisis. — It was held in Olarke v. Figgins, 27 W. Va. 663, that the cases of Kevan v. Branch, 1 Gratt. 274; Phippen v. Durham, 8 Gratt. 457; Gordon v. Cannon, 18 Gratt. 387, which decided that in order to maintain the validity of a deed requiring a release, the debtor must convey all or substantially all his property to his creditors, would be followed in West Virginia without enquir-ing into the grounds for rendering it. Thus, it will be seen that so far as this rule is concerned it is taken as stare decisis in the courts of West Virginia. h. limitin6 Time eor Acceptance and release. Limit of Thirty Days Valid. — A deed which conveys all the property of the grantor in trust for the payment of his debts, is valid, though it contain the provision that no creditor shall take any benefit under the deed who does not, within thirty days from its date, signify his acceptance of its terms and conditions; and further agree to release an d acquit the grantor from all further claims for the debt acknowledged therein. Phippen v. Durham, 8 Gratt. 457. Thirty days is not too short a time to allow creditors for acceptance of the provisions of the deed, especially where they all reside at the same place, and can he easily communicated with, and are, within the thirty days, informed of the deed and its provisions. Williams v. Lord, 75 Va. 390. Postponing the time for the execution of the trust to an unreasonable time, may - when taken in connection with other circumstances, prove a fraudulent intent. If made with such an intent, the time to which the sale was postponed would not affect it. Dance v. Seaman, 11 Gratt. 778. It was held in Gordon v. Cannon, 18 Gratt. 387, that where the assets consisted of 4,000 acres of land in Texas, and a warehouse stock in Virginia, (60) days is sufficient time for the creditors to inform themselves of the value of the property conveyed, and of the amount of the debts, and to determine whether they would accept or reject the oiler. 660
*661 Note on Assignments tor the Benefit of Creditors. 10 GRATT. Acceptance after Judgment Obtained. — A deed of trust conveying land for the benefit of creditors, which is executed by the maker of the deed and trustees, and duly recorded before a judgment is obtained against the maker, will intercept the lien of a judgment, although the creditors may not have given their assent to the deed until after the judgment. In such case, even in a court of equity, the equity of the judgment creditor will generally be considered inferior to the equity of the creditors claimingunder the deed. Skipwith v. Cunningham. 8 Leigh ¿71. 4. DISCRETIONARY POWERS TO TRUSTEES. a.Power to Continue Assignor’s Business.— The law does not condemn as vicious and illegal a provision in a deed which gives to the trustee discretionary power to run and operate the business for a year, if he deems it wise to do so, having in view the interest of the creditors, and, as such a provision is not mandatory, it is salutary, and not fraudulent and illegal. Hurst v. Leckie, 97 Ya. 550, 31 S. E. Rep. 464. A deed of assignment of a stock of g*oods for the benefit of creditors is not fraudulent on its face, because it provided that the trustee may continue the business so as to dispose of the stock in the due course of business. Taylor v. Mahoney, 94 Va. 508, 27 S. E. Rep. 107. When Invalid.--Two grantors make an assignment of their property to secure three classes of creditors named in the deed, in the order therein named. In the deed the assets are valued by the grantors, and the deed is silent as to any other creditors than those therein specified, and the value of the property, as fixed by themselves, far exceeds the amount of the debts secured, and among the property is a flouring mill by them valued at $20,000, almost one-half of all their property, and a provision is inserted in the deed as follows : “And should the said trustee deem it to the best interest of said creditors [secured creditors], he is thereby authorized either to rent or run the mill property for the period of one or more years, or for a greater or less period of time, as shall seem to him advisable after having consulted with said creditors, and obtained their consent, or the majority thereof in interest therein. Held, that the deed is fraudulent on its face.” Landeman v. Wilson, 29 W. Ya. 702, 2 S. E. Rep. 208 ; Kyle v. Harveys, 25 W. Ya. 780. Moreover, a provision in a deed of trust to secure creditors, that the grantor shall keep possession of the property conveyed, and sell the same and carry on the business as usual, is a reservation inconsistent with the purpose of the deed, because it is for the benefit and advantage of the grantor, and is null and void as to creditors. Kuhn v. Mack, 4 W. Va. 186. When Valid. — A stipulation in a deed of assignment is proper when it is designed tobe ancillary to the winding up of the debtor’s business, -or more effectually to promote the interests of the creditors and not those of the debtor. Marks v. Hill, 15 Gratt 400. So also, deeds of trust for the benefit of creditors have been sustained as valid which contain provisions for the continuance of the business of the debtor or grantor by himself or by his assignee or trustee, but most of these cases rest upon the important principle that the stipulation was designed more effectually to promote the interests of the creditors, and not intended for the benefit of the debtor: or when it was intended to be auxiliary in the winding up of the debtor’s business, as when he had on hand at the time of the assignment unmanufactured material in the way of his business, or the like. Kyle v. Harveys, 25 W. Ya. 730. Corpus of Trust Fund Not Liable for Debts by Trustee. —Although a trustee in a deed of trust to secure creditors, may be authorized to continue the business of the grantor with the object of winding up the trust affairs, and bringing the trust property to sale to the best advantage, and to replenish the stock, and postpone the execution of the trust for a reasonable time, yet provisions in a trust deed, which authorize the trustee to carry on the business, and for that purpose, to subject the corpus of the trust to the casualties incident thereto, by which it may be lost or wasted, are void, because such provisions confer powers adequate to the defeat of the trust. Oatt v. Knabe, 93 Va. 740, 26 S. E. Rep. 246. In Virginia the fact that an assignee is authorized in his discretion to complete the manufacture of material on hand and partly finished, and thus preserve it, is not an indication of fraud which will invalidate the assignment. Talley v. Curtain, 54 Red. Rep. 43. Power to Replenish Stock. — A provision in a deed of assignment for the benefit of creditors, is not illegal, which empowers the trustee to make purchases of additional stock from the proceeds of his operation of the business, to aid in keeping up the business and disposing of the other stock to greater advantage, as such purchases are merely ancillary to the winding up of the business. Hurst v. Leckie, 97 Ya. 550, 34 S. E. Rep. 464; Williams y. Lord, 75 Ya. 390; Catt v. Knabe, etc., Co., 93 Ya. 740, 26 S. K. Rep. 246. May Borrow Honey to Add to Stock. — So an assignment for the benefit of creditors is presumed to be honest which provides that the trustee shall take charge and control of the goods assigned and sell them to the best advantage, and that the trustee may add to the stock by purchase, and to accomplish that purpose he may borrow money to a limited amount, when these privileges' are for the manifest benefit of the creditors, and to better enable them to dispose of the goods. Williams v. Lord, 75 Va. 390. Current Expenses First Paid. — Where, in a composition of the creditors of the firm, one of the parties is appointed by them to carry on the business and pay them out of the proceeds, the expenses of carrying on the business should be paid before they are entitled to any of the proceeds. Kara v. Blackford (Va.), 20 S. E. Rep. 149. b. Power to employ Agents and Clerks. — A provision in a deed of trust for the benefit of creditors that the trustee shall employ such agents as he may deem necessary, and pay them a reasonable compensation out of the trust fund, and not be liable for their omissions or defaults, or for any moneys other than such as shall actually come to his hands in the execution of the trust, does not discharge the trustee from the obligation to select fit agents, and hold them to a strict and prompt responsibility for their acts, and so does not invalidate the deed. Gordon v. Cannon, 18 Gratt. 387, and note: Hurst v. Leckie, 97 Va. 550, 34 S. E. Rep. 464. c. Compromise by Trusts®. — A trustee, who makes a compromise with a third person in relation to a trust subject, though he may purchase the subject for himself, is bound to account as trustee for all the profits made in the transaction, according to the well-settled doctrine that a trustee, standing in a fiduciary character, and making a profit out of any transaction in the scope of his agency, must account 661
*662 10 GRATT. Virginia Reports, Annotated. to tlie cestui que trust for that profit. Miller v. Hol-combe, 9 Gratt. 665. a. Powers as to Sale op trust Estate. (2) Sale on Credit. — An express power to sell, on credit on tlie face of an assignment, does not render a deed of trust or assignment fraudulent on its face. Kyle v. Harveys, 25 W. Va. 728, and cases cited. In Dance v. Seaman, 11 Gratt. 778, wliere the assignment provided that it was not to he enforced for two years, the court said that the postponing the time of sale, or directing a sale on credit, do not of themselves furnish evidence of fraudulent intent, but may tend. to prove a fraudulent intent in connection with other circumstances. (2) Private Sale. — A. provision in a deed of assignment authorizing the trustee to sell the property at a private sale, does not render the deed fraudulent on its face. Landeman v. Wilson, 29 W. Va. 702, 2S. E. Rep. 203. In Kyle v. Harveys, 25 W. Va. 716, 52 Am. Rep. 235, it was held that the authority to the assignee to sell at a private sale, as soon as possible, was not fraudulent if made with the bona fide intention that as much as possible should be realized for the creditors ; but if the assignor believed at the time that the interest of creditors would be prejudiced by a private sale, and he requested a private sale merely for the purpose of giving hi.mself or his assignee remunerative employment, the assignment is fraudulent and void as against all the creditors of the assignor. IX. FRAUD. 1. HOW ASCERTAINED. — If an inspection of the deed • alleged to be fraudulent on its face, does not show that it contains provisions clearly showing an intent on the part of the grantor to hinder, delay, or defraud his creditors, the deed will not be held fraudulent on its face. Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203; Douglass, etc., Co. v. Laird, 37 W. Va. 687, 17 S. E. Rep. 188. In order .to decide whether a deed of assignment for creditors is fraudulent or not on its face, the court must look to the deed itself, without reference to extrinsic facts as to motive. If the law imputes to the grantor a fraudulent design in making the assignment, no evidence of intention can charge the presumption. Landeman v. Wilson, 29 W. Va. 702, 2S. E. Rep. 203. 2. FRAUDULENT INTENT IN GRANTOR. — If there was. a fraudulent intent in the grantor in making the deed (of which there was no evidence), as it is not fraudulent on its face, and the trustee and creditors secured by it had no knowledge of its execution until it was done, they cannot be affected by such fraudulent intent, and the deed is valid as to them. Sipe v. Earman, 26 Gratt. 563, and note. ■ Notice by Assignee of Fraud in Grantor. — Where an assignee for the benefit of creditors or a trustee of a trust deed accepts the assignment or trust deed, and such deed contains, to his knowledge, on its face, one or more falsehoods on a material point, calculated to deceive and mislead creditors to their injury, such assignee or trustee will be treated as having notice of his grantor’s fraudulent intent, because a falsehood said or done to the injury of the property rights of another is of the very essence of fraud. Douglass, etc., Co. v. Laird, 37 W. Va. 687, 17 S. E. Rep. 188. Fraud of Assignor — Trustees and Beneficiaries without Notice. — When the trustee and beneficiaries have no notice of any fraud on the assignor’s part, it cannot afiect the validity of the deed. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 329. See also, Sipe v. Earman, 26 Gratt. 563, and note. A trustee in a .deed of trust or assignment made to secure creditors is regarded as a purchaser for value, and in .order to make the deed void, notice of the grantors’ fraudulent intent must in some way be brought home to him or the creditors. Douglass, etc., Co. v. Laird, 37 W. Va. 687,17 S. E. Rep. 188. “While it is well settled in Virginia that the trustees and beneficiaries in a deed of trust to secure bona fide debts occupy the position of purchasers for a valuable consideration (Wickham v. Lewis, 13 Gratt. 427; Evans v. Greenhow, 15 Gratt. 156; Kesner v. Trigg, 98 U. S. 50, 53), yet they cannot hold with notice of the fraudulent intent of their grantor, or of the fraud rendering his title void. And it is equally well settled in the states of West Virginia and Virginia, that notice to the trustees is notice to the beneficiaries. Fidelity Ins., etc., Co. v. Shen. Val. R. Co. (Sup. Ct. of Appeals of W. Va., Feb. 25,1889), 9 S. E. Rep. 185; Beverley v. Brooke, 2 Leigh 425; French r'. Loyal Co., 5 Leigh 641.” Per Mr. Chiee Justice Fuller in Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. Rep. 354. “In controversies arising under this statute (Code Va. 1873, ch. 114, § 1, p. 896), involving, as they do, the rights of creditors locally, and a rule of property, we accept the conclusion of the highest judicial tribunal of the state as controlling.” Per Mr. Chiee Justice Fuller in Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. Rep. 354. The statute provides, among other things, that “this section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor.” 3.EFFECT OF PARTIAL ILLEGALITY. — Where a deed of trust is made for the benefit of various creditors whose claims are distinct and unmingled with each other, though a part ofo them are illegal and fraudulent, the security will not be avoided as to the other part if they are fair and untainted with fraud, provided the creditors owing such claims have given no aid in any way to the concoction of the fraud. Such a deed ought to be considered distributively, and though avoided in part, it should be effectual as far as it is good. Ruffner v. Welton Coal & Salt Co., 36 W. Va. 244,15 S. E. Rep. 48. Deed Fair in Part Will Be Upheld to That Extent.— Where a deed of assignment is made for the security of various creditors whose claims are distinct, and is in part fair and untainted with fraud, and in part is illegal and fraudulent, and the deed is not fraudulent upon its face, it will be upheld in so far as it is fair and untainted, unless the creditors directly or indirectly had notice of such fraud at the time the deed was executed, and participated in the fraud. Zell Guano Co. v. Heatherly, 38 W. Va. 409, 18 S. E. Rep. 611. A trust deed for creditors is not invalidated as a whole by the invalidity of some of the debts secured, but will stand as to the valid portion of the debts. Craig v. Hoge, 95 Va. 275, 28 S. E. Rep. 317. A deed of assignment being fraudulent as to any provision therein, is void in toto as against creditors who are entitled -to take advantage of the fraud. Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203. When Fraud Must Exist. — If an assignment for the benefit of creditors is not fraudulent when the assignee takes possession of the assigned property, 662
*663 Note on Assignments for the Benefit of Creditors. 10 GRATT, it can never afterwards "become fraudulent, so as to deprive the creditors secured "by the deed of its benefit, by any conduct or combination of the assignor and assignee or either of them, entered into subsecmently. Kyle v. Harveys, 25 W. Va. 71.6. 4. EVIDENCE OF FRAUD. Insolvency and Pendency of Saits. — The insolvency of the grantor and the pendency of suits at the time the deed of assignment is executed, are not entitled to much weight in determining the Question of fraud. They are not inconsistent with honest intent, for men seldom give trust deeds to secure creditors, generally, unless they are insolvent or in failing circumstances. Williams v. Lord, 75 Va. 390; Young v. Willis, 82 Va. 296. The fact that a deed to a trustee for the benefit of creditors is made pending suits against the grantor by a creditor, who soon afterwards recovered large judgments, and whose debts were placed in the least-favored class, does not indicate fraud. Nor that certain bonds for debts due the sons of the grantor, written on the day the deed was prepared, were antedated one month, when this is explained by the trustee in his deposition, and when the sons had no notice of the fact that the bonds were antedated. Paul v. .Baugh, 85 Va. 955, 9 S. E. Rep. 829. See also, Sipe v. Earman, 26 Gratt. 568. In the latter case the execution of a deed pending a suit against the grantor, by an unsecured creditor, and a short time before the term at which it was probable judgment would be rendered against him, does not render it fraudulent. Failure to List Debts for Taxation. — Failure to list certain debts for taxation, is not sufficient proof that they were fraudulent, when uncontradicted evidence shows that they are "bona Jide. Paul v. Baugh, 85 Va. 955, 9 S. E. Rep. 829. Failure to Convey All Property. — That the grantor does not convey all his property in the deed of assignment, is not a circumstance indicative of fraud, for what is not conveyed by the deed, so far as it is liable for debt, may be subjected at once, by the suit of any creditor, to his claim. Williams v. Lord, 75 Va. 390. Relations — Implied Contract to Pay for Board, — It is well settled that as between persons standing to each other in the relation of husband and wife, parent and child, grandparents, brothers, stepchildren, and other near relations, no action upon an implied promise to pay for board and lodging can be main" tained, but there must be an express contract or agreement to pay for them. Hence, a deed of trust for the benefit of creditors is fraudulent, in so far as it secured the father of the grantor for board furnished the grantor and his horse for twelve years, where there was no antecedent contract to pay for the same. Stoneburner v. Motley, 95 Va. 784, 30 S. E. Rep. 364. Deed May Secure Grantor’s Father. — A deed of trust for the benefit of creditors is not fraudulent, because it secures the grantor’s father for goods sold by him to the grantor for business purposes, and which were intended to be paid for. Stoneburner V. Motley, 95 Va. 784, 30 S. E. Rep. 364. In an action to set aside a trust deed preferring certain creditors, it appeared that the defendant, as agent for his wife, bought of the plaintiff a large ■quantity of goods, obtaining credit by false statements as to his pecuniary condition. Within three months the defendant and his wife conveyed all the goods in her store to a trusted tp secure alleged debts to her father and brother-in-law, the, latter having no visible means, and who had on oath returned to the commissioners of revenue his entire estate at five dollars. Evidence showed that nearly all the goods purchased had disappeared, leaving no trace on the books or elsewhere; that a large number of trunks, belonging to the defendant had disappeared, and that numerous new trunks had been bought by him, and sent by rail, full of something, to the father’s store atR, that the father had shipped to himself since the defendant’s purchase, a large quantity of goods, from the latter’s town, that the plaintiff’s clerks had called at the father’s store, and identified the goods there as sold by them to the defendant. Held, that there was ample evidence of fraud, and that the deed must be set aside. Armstrong v. Lachman, 84 Va. 726, 6 S. E. Rep. 129. Suspicion of Fraud Insufficient. — It is a well-recognized rule of law in Virginia, that, in order to justify a decree annulling an assignment, fraud must be proved by clear and satisfactory testimony, and courts cannot act upon mere suspicion or presumption that the assignee and preferred creditors had notice of and participated in the fraud. Simon v. Ellison (Va.), 22 S. E. Rep. 860. X. OTHER FEATURES OF ASSIGNMENTS. 1. RECITALS IMMATERIAL. — A trust deed to secure creditors reciting the amount of the debts due to the different creditors, is not conclusive evidence, even as against the assignor and his administrator, of the amount of the respective debts. Griffin v. Macaulay, 7 Gratt. 476. 2. CONSIDERATION FOR ASSIGNMENTS — PREEXISTING DEBT — In Exchange Bank v. Knox, 19 Gratt. 747, Christian, J., said: “It is well settled that the trustees and beneficiaries in a deed of trust to secure bona jide debts are purchasers for valuable consideration. A pre-existing debt is of itself a valuable consideration for a deed of trust executed for its security. Wickham v. Martin, 13 Gratt. 427; Evans v. Greenhow, 15 Gratt. 153.” Acceptance as Consideration. — In West Virginia it is not necessary to the validity of a deed of trust in favor of creditors, that it should be executed by them. The deed passes -the legal title as soon as executed by the grantor and the trustee, who is deemed a purchaser for valuable consideration, and it can be avoided only by the dissent of the creditors, express or implied. Zell Guano Co. v. Heatherly, .38 W. Va. 409, 18 S. E. Rep. 611. Right of Holder of a Check. — Although the holder of a check does not.present it to the bank until after a general assignment for the benefit of creditors, still this does not defeat his right to it. Hulings v. Hulings, 38 W. Va. 351, 18 S. E. Rep. 628. 3. SET-OFF. Claims Not Due. — An assignment by a debtor of debts due the firm is subject to the debtor’s right to offset a claim not yet due, held by him against the firm. Fry v. Boyd, 3 Gratt. 73. Right to Set Off Claims Acquired after Assignment. —Under the act of February 12,1866, requiring the banks of the commonwealth to go into liquidation, a debtor of the bank cannot set off notes of the bank brought up by the debtor after the execution and recording of the deed and notice thereof to the debtor. Exchange Bank v. Knox, 19 Gratt. 739. Set=Off between Original Parties — Holder for Value.— “It is a principle o.f law, too. well settled' to admit of doubt or argument now, that a set-off as between original parties, acquired after the assignment for a bona Jide purpose, of the subject in controversy 663
*664 10 G R AT T. Virginia Reports , Annotated . ana notice thereof, cannot he set off against a holder for value,” per Christian, J. Exchange Bank v. Knox, 19 Gratt. 739. XI. EFFECT OF ASSIGNHENTS. Deed of Assignment Does Not Revoke a Power. — A debtor on the same day executes two papers; one a power of attorney to his creditor, who is also a surety, authorizing him to sell and indemnify himself first out of the proceeds, and to pay any debts which he (the debtor) owed him, and the other was a deed of trust, assigning all his property to his creditor to pay certain named creditors, and after-wards all other creditors. Held, that the deed of trust did not revoke the power and the two instruments were to be construed as one. French v. Townes, 10 Gratt. 513. 1. EFFECT UPON LIENS. Judgment Lien Creditor — Election—Choice of Liens. —Although a party, secured under an assignment for the benefit of creditors, subsequently acquires a judgment on his debt which is audited and receives a number of payments thereon, still he may bring an action to subj ect after-acquired property to the lien of his judgment, and his participation in the prior proceeding is not such an election to proceed under the trust deed, as precluded suit on the judgment, because the plaintiff’s lien under the trust deed and his lien under the judgment, though for the same debt, are distinct and on separate subjects. Miller v. Byers, 99 Va. 163, 37 S. E. Rep. 783. Execution Creditor — Lien—Surplus.—An execution creditor, whose execution has been returned without a levy, has no lien on the tangible personal property of his debtor after the return day of the execution, and hence has no right to insist that a prior deed of trust on the property shall be enforced so as to enable him to subject the surplus, if any. Having no lien, a court of equity has no jurisdiction to administer the trust to1 ascertain and subject the surplus, if any, at his instance. Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583. Specific Lien Creditor — Separate Bill. — Notwithstanding the fact that a general creditors’ bill has been filed by the trustee, to administer the estate of the debtor, who has conveyed it in a general deed of trust, still a creditor, holding a specific lien on some of the debtor’s property, may, before the general bill matures, to which he is a party, though not yet served, file a separate bill to enforce his lien, and it may be treated as a petition in the general suit; the two causes may be heard together and the rights of all parties settled and adjudicated at the same time. Bristow v. Home Bldg. Co., 91 Va. 18, 20 S. E. Rep. 947. Equitable Lien. — Where a debtor who contracts to give a lien on two adjoining tenements belonging to him, to secure a debt due the creditor, he being in possession of one of the tenements under an agreement by which the rent is to be set off against the interest on the debt, and the debtor, after-wards becomes embarrassed in his circumstances, and conveys all his property in trust to pay his debts, the creditor is entitled to enforce his equitable lien not only against the debtor but against the creditors of the debtor under the trust deed. Ott v. King, 8 Gratt. 234. Rights of Prior Judgment Creditor . — An assignment for the benefit of creditors, by an agricultural soci- ' ety, of the proceeds of a fair about to take place on their grounds, is void, as against the lien of an execution issuing before the payment of such proceeds to the creditors. Huling v. Cabell, 9 W. Va. 522. Assignments Irrevocable. — “The instant the legal title becomes vested in the trustee, a trust arises in behalf of those in whose favor it is declared, provided there be a sufficient consideration to sustain it: and from that moment it is beyond the power of the grantor. He cannot revolee it, nor can he even extinguish it by getting a reconveyance; for no act of the trustee can affect the rights of the cestui due trust." Skipwith v. Cunningham, 8 Leigh 271. Decree — Effect upon Statute of Limitations. — Where a bill in chancery is filed for the purpose of settling an estate conveyed in trust to pay certain debts, and a decree is entered in the cause, referring it to a master and directinghim to report all outstanding and unsatisfied debts against the estate, such decree makes the suit one for the benefit of general creditors of the estate, restrains them from afterwards proceeding by separate suits to enforce their claims, and stops the running of the statute of limitations against their claims from the date the decree is entered. Houck v. Dunham, 92 Va. 211, 23 S. E. Rep. 238. 2. JURISDICTION. Equitable Jurisdiction Exclusive. — The trust arising under a general assignment for the benefit of creditors is peculiarly and exclusively an object of equitable jurisdiction, and creditors may compel a proper management of the trust by the assignee. Wagner v. Coen, 41 W. Va. 351,23 S. E. Rep. 735. Jurisdiction over Property Not Conveyed. — If creditors, secured by a deed of trust, file a bill praying the court to administer the trust created by the assignment for the benefit of creditors, the court has no jurisdiction to subjeetproperty not conveyed in the assignments, and on which the creditors have obtained no lien. Spindle v. Fletcher, 93 Va. 386, 24 S. E. Rep. 910. Remedy of Holder of an Assigned Bond in Equity. — A man indebted by bond, executed a conveyance of all his property in. trust, for the payment of his just debts in the first place; for his own support during his life in the second place; and, afterwards, for the benefit of his wife, etc. He died, without any will or property acquired after the date of such conveyance; and no person administered on his estate. It was held, that an assignee of the bond was not restricted to his remedy at law against the assignor, but, without bringing any action at law, might obtain relief in equity by a decree of a sale of the property in the hands of the trustee. In such case, if the fund in the possession of the trustee prove insufficient, the plaintiff in equity may recover the balance of his claim from a debtor of the obligor; and, in default of both these funds in whole or in part, he may proceed against the assignor. And, it seems, that all persons concerned being made parties, the court may do complete justice in one suit, and make a full end of the whole controversy. Taylor v. Ficklin, 5Munf. 25. Histake — Sealed Instrument — Relief in Equity. — A partner, by mistake executes a penal obligation, in the name of the firm, under seal, to a party that has lent money to the firm, instead of a promissory note, then he dies, and the other partners, with the decedent’s executor, make a deed of trust to secure the firm creditors. The holder of the penal bond files a bill in equity against all the partners. Held, that equity has j urisdiction to correct the mistake, and hold the parties as much bound as if there were no seal, although at law there would be no 664
*665 10 GRATT. Note on Assignments for the Benbíeit or Creditors. remedy on the sealed obligation, except against the partner who executed the penal obligation. Galt v. Calland, 7 Leigh 594. Concurrent Jurisdiction. — The circuit court of Augusta county and the hustings court of the city of Staunton, have concurrent jurisdiction of suits to adjust priority of liens against an estate deeded in trust for creditors, and to divert to the payment of certain creditors the share which by the deed would pass to other creditors. Craig v. Hoge, 95 Va. 275, 28 S. E. Rep. 817. 3. EFFECT OF TRUSTEE’S REFUSAL TO ACT. Appointment of New Trustee. — Where a debtor conveys a large amount of property in trust to trustees to secure creditors, and the trustees, not having signed the deed, refuse to act, the court should not simply appoint trustees in place of those named in the deed, but should have the trust administered under its own supervision and control. Reynolds v. Bank, 6 Gratt. 174. Where a debtor conveys a large property, real and personal, in trust to secure certain creditors, and the trustees, not having signed, refuse to act, one or more creditors may sue for themselves and the other creditors secured by the deed. Reynolds v. Bank, 6 Gratt. 174. Where a debtor conveys a large property real and personal, in trust to secure certain creditors, and the trustees not having signed, refuse to act, the appointment of commissioners to sell and administer the trust under the supervision and control of the court is authorized either under the prayer for the appointment of trustees, or under the prayer for general relief. Reynolds v. Bank, 6 Gratt. 174. Equity Will Appoint Successor. — “When a court of equity is called upon for any purpose, to take control of the property conveyed by a deed of trust to secure creditors, it generally authorizes a trustee, or if he refuses to act, some one in his place, to administer the trust under its own supervision and control; before it directs a sale it has the claims and priorities of all parties fixed and ascertained, unless a good excuse for not doing so is alleged and shown, and it does not disburse the assets until it can give complete justice to all according to their deserts.” Zell Guano Co. v. Heatheriy, 38 W. Va. 409, 18 S. E. Rep. 611. XII. RIGHTS, DUTIES AND LIABILITIES OF TRUSTEES GENERALLY Payment to a Receiver —When a trustee in a deed of assignment for the benefit of creditors is restrained by injunction from disbursing any funds until the future order of the court, and he answers that “he has the fund in hand ready to disburse according to the trust deed, or as the court may direct,” if the parties in interest desire it to be paid into the hands of the general receiver they must so move, and the trustee, who does not appear to have received interest or other profit on it, will not be chargeable with interest, because he did not of his own motion cause it to be turned over to the general receiver. Darby v. Gilligan, 37 W. Va. 59,16 S. E. Rep. 507. Right to Redeem Collateral Securities. — The trustees, debtors, or other creditors interested have the right to redeem collateral securities, held by creditors, secured in a general assignment, on their debts, by the payment of the secured debts in full; and a court of equity, haying jurisdiction of the debtor’s estate for distribution, may compel the surrender of such collaterals, or any balance thereof remaining after full satisfaction of the secured debts. Williams v. Overholt. 46 W. Va. 339, 33 S. E. Rep. 226. Right to Collect Assets by Suit. — Whatever claims a bank could collect by suit or action before an assignment, may be so collected afterwards by the trustee in the deed of assignment. Lamb v. Cecil, 25 W. Va. 288. May Assert Lien, Set Aside Fraudulent Conveyances, etc. — upon taking the oath of insolvency all the property and rights of the insolvent debtor are vested, by law, in the sheriff, who as representing the creditor, is entitled to assert the legal and equitable rights of the creditor, and to set aside fraudulent conveyances of the insolvent, and recover the property for the benefit of creditors. Clough v. Thompson, 7 Gratt. 26. Unfaithfulness of Trustee — Fraud.—A deed of trust for the benefit of creditors is not fraudulent because of the unfaithfulness of the trustee, unless such unfaithfulness resulted from the carrying out of its provisions according to their apparent intent. Taylor v. Mahoney, 94 Va. 508, 27 S. E. Rep. 107. Creditor Competent to Act as Trustee. — An objection that the trustee is himself a creditor, and would have to resort to a court of equity to sell the property conveyed by the deed, does not strike at the validity of the deed. Gordon v. Cannon, 18 Gratt. 387. Duty of Trustee to Act Impartially. — A trustee, in a deed to secure debts, is the agent of the debtor as well as of the creditor, and it is his duty to act impartially with respect to both. He must in all respects conform to the terms of the deed, and where a discretion is vested in him, he should exercise it prudently and fairly. Wilson v. Wall, 99 Va. 353,38 S. E. Rep. 181. Trustee Must Always Take Security. — It was held in, Miller v. Holcombe, 9 Gratt. 665, where trustees in a deed of trust for the benefit of creditors sold slaves, a part of the trust subject, to three partners, all of whom were wealthy men at the time of the transaction, and abundantly good for all their engagements, without taking any security for the purchase money, and permitted them to retain the property for years until they became insolvent, they will be held personally bound for the amount of the fund lost. However ample the purchasers’ means may be at the time, prudence would dictate that the trustee should require security for what the purchaser owes, and the situation and circumstances of the purchaser will not relieve the trustee of this duty. Mingling Trust Funds, — Among the duties of the assignee, experience has shown that none are more important than keeping his transactions as assignee wholly separate and distinct from his own private affairs. This is indispensable and its importance is so obvious that it needs no comment, for without this it is impossible to ascertain the status of the trust fund. He should deposit the money in bank for safe-keeping, and it should be deposited to the separate account, in his name as trustee or assignee, so that the fund may at all times be traced and identified, and the true state of his money account, as trustee, be capable of ready ascertainment. If the trustee violate this duty, and waste or misappropriate the fund or any material part of it, etc.,, a receiver may and should be appointed. Wagner y. Coen, 41 W. Va. 351, 23 S. E. Rep. 735. 665
*666 10 GRATT. Virginia Reports, Annotated. Trustees Represent Creditors. — Under the act of February 12, 1866, requiring hanks of the commonwealth to go into liquidation, the trustees are the trustees of the creditors, and not of the hank. Exch. Bank y. Knox, 19 Gratt. 739. Liability of Trustee of Personal Representative. — It would seem that the liability of a trustee for the collection of choses in action is different from that of a personal representative. Wimbish y. Blanks, 79 Va. 365; Crouch y. Davis, 23 Gratt. 62. Joint Liability of Trustee. — where property is conveyed to two trustees to be sold for the payment of certain creditors of .the grantor, and the trustees undertake to administer the trust property so conveyed, both trustees are responsible for the proper application of the whole trust subject, even though they make an agreement between them that the trust subject shall be given up to the entire control and management of one of them. The creditors have a right to look to both of them, and as against the creditors of the trust fund this agreement cannot be given in evidence, however conclusive it may be between the parties. Miller v. Holcombe, 9 Gratt. 665. When Assignee Held Personally Liable, — An assignee for the benefit of creditors ought not to be made personally liable for the notes, bonds, and accounts assigned when they become due, but only at the time when actually collected by him, except such notes, bonds, and accounts as are lost by his negligence or improper conduct. Ruhl v. Berry (W. Va.),35S. E. Rep. 896. Liability of Representative of Trustee. — Where a sale under a deed of trust to secure a debt was declared invalid long after it was made, and the trustee’s representatives were adjudged to pay into court the value of the land when sold, with interest, and the debt was then paid from the trustee’s estate, though less than the value of the land, with interest, the trustee’s representative must pay into court, for the benefit of the debtor’s estate, the difference. Mosby V. Johnson, 86 Va. 429, 10 S. E. Rep. 425. Assignee Realizes Less Than Scheduled Price. — Unless it is shown that an assignee neglected his duty and did not use reasonable diligence in collecting debts, he is not to be charged with a loss merely because there is a difference between the amount realized at the sale and the price of the goods as stated in the invoice. The onus xn'obancti is on the adverse party to show that he failed in his duty, and that the choses assigned might have been collected by due diligence. Wimbish v. Blanks, 76 Va. 365. Trustee ilust Settle Accounts. — It is provided by the Code of West Virginia, ch. 72, sec. 6, p. 686, that, “In all cases where a debtor conveys all his property to a trustee for the benefit of his creditors, or where he conveys all his property except what is exempt from execution or other process, every such trustee shall settle his accounts before a commissioner of accounts of the county in which such deed is recorded, and the provisions of chapter eighty-seven of the Code of .W. Va., as amended, shall apply to such settlement as far as applicable.” .Liability for Acts of Cotrustee. — Although a person named trustee in a deed to secure debts, unites in sales necessary in the execution of the trust, and other formal acts, still he is not responsible for the misapplication or wa.ste of the funds by his. co-trustee, when he receives, none of the. trust funds ; they being received by his co trustee ; and he being guilty of no fraud in relation thereto. Griffin v. Macaulay, 7 Gratt. 476. Estimated Rents. — Trustees in deeds of trust for the benefit of creditors are not responsible ■ for estimated rents when he has received none, and where his delay in selling the property arose out of the difficulty in finding a purchaser. Griffin v. Macaulay, 7 Gratt. 476. Burden of Proof — Due Diligence by Trustee. — Before a trustee can be charged with certain choses conveyed in a deed of trust for the benefit of creditors and reported by the commissioner as “doubtful” at the date of the assignment, the cestuis que trust must prove that those choses might have been collected by due diligence. Wimbish v. Blanks, 76 Va. 365. Notice to Trustees of Prior Bill of Safe. — Where one or two trustees in a deed of assignment for the benefit of creditors has actual knowledge of a previous bill of sale conveying a part of the assets called for in a deed of assignment, the failure to record the bill of sale will not prejudice the creditors. King v. Levy (Va.), 22 S. E. Rep. 492. An assignee for creditors, with notice of prior bill of sale of the property assigned, secures no greater rights to the property than his assignor possessed. King v. Levy (Va.), 22 S. E. Rep. 492. Knowledge of Prior Unrecorded Conveyance. — Knowledge by trustees, in a deed of trust to secure creditors, of a prior unrecorded conveyance binds the beneficiaries though the trustees did not know of the debtor’s intention to execute the deed, nor of its recordation, until afterwards. Merchants’ Bank of Danville v. Ballou, 98 Va. 112, 32 S. E. Rep. 481. Holder of Overdue Note — Composition Deed. — Where a note is received in a composition proceeding, to be paid according to the terms of the trust deed, a party that acquires the note after' maturity holds it subject to the provisions of the deed, because of the well-settled rule that the transferee of an overdue note, takes it as a dishonored note, subj ect to all the equities and defences that it was subject to in the hands of his immediate indorser, whether he had notice or not. Karn v. Blackford (Va.), 20 S. E. Rep. 149. Right of Set-Off against Assignee. — When the as-signee of a bank brings suit against a director to recover the proceeds of notes that he has wrongfully obtained by collusion with the cashier, the director and surety will not be entitled to set off the debt of the bank due him for deposits against the plaintiff’s demands, except to the extent that he may be entitled to dividends from the assignee on account of his debts against the bank. Lamb v. Pannell, 28 W. Va. 663. 1. SALE OF TRUST PROPERTY. a. What Trustee May Seli,. — The sheriff, who is a trustee for all who are interested in the estate of an insolvent debtor, is not justified in selling the interest of the debtor in the estate surrendered by the schedule or vested by law in the sheriff, when owing to alleged incumbrances, the validity of which is controverted, or the extent thereof is unascertained or uncertain, -the property is not in a condition to be disposed of for its value. Clough v. Thompson, 7 Gratt. 26. Chattels Held by Third Party. — The sheriff, who, by law, is trustee for the creditors, cannot sell the goods, chattels and estate of the debtor in the possession of a third person, until the same are recovered in the manner prescribed by statute. Such a sale would not vest the legal title. Clough v. Thompson, 7 Gratt. 26. 666
*667 10 GRATT, Note on Avssignments tor the Beneeit oe Creditors. Real Estate of Insolvent Where Sold. — Real estate of an insolvent debtor vests in the sheriffs of the counties in which it lies; hence a sale thereof by the sheriff of another county, in which the oath of insolvency is taken by the debtor, is without authority and void. Clough v. Thompson, TGratt. 26. Provisions in Express Terms as to Sale. —The fact that a deed of assignment for the benefit of creditors does not in express terms provide for a sale by the trustee of the property conveyed, when required so to do by the creditors secured, is insufficient of itself to render the deed void. Sec. 2442 of the Code of Va. amply provides for a sale in case of default in the payment of the debt secured. Taylor v. Mahoney, 94 Va. 508. 27 S. E. Rep. 107. b. Advertisement or Property. —No general rule can be laid down as to the length of time property should be advertised for sale. Ordinarily a direction “duly advertised5' is sufficiently complied with by advertising in accordance with the prevailing custom adoptedby a prudent man in the management of his own atfairs, or by following the rule of courts in relation to sales of dike property in the jurisdic tion in which the property is situated. Wilson v. Wall, 99 Va. 858, 38 S. E. Rep. 181; Morriss v. Ins. Co., 90 Va. 370, 18 S. E. Rep. 843, disapproved. c. Publication or Notice or Sale. — The publication of a notice of sale under § 7, ch. 72, of the Code of W. Va. is complete on the fourth issue of the paper containing it, if it be published in the paper once in each successive week, though the four weeks have not elapsed between the dates of the first and last publications; and if the copy of such notice so published be posted at the front door of the courthouse of the county in which the sale is to be made, on the day of its first publication in the paper, it is sufficiently posted. Sandusky v. Paris (W. Va.), 38 S. E. Rep. 563. Confirmation of Sale — Power of Court. — When property has been assigned for the benefit of creditors to trustees who have filed a bill for directions as to the administration thereof, and a sale has been made by order of the court, but not confirmed, the title still remaining in the trustees until confirm-anee, the property is still so far in the possession of the court, that it may restrain any interference therewith, under execution issued by other courts. Pord v. Watts, 95 Va. 192. 28 S. 14. Rep. 179. d. Right to En-ioln Sale. Amount of Debts, etc., Uncertain. — The grantor in a deed of trust for the benefit of his creditors thereby consents to an immediate sale of such property, and, such consent being analogous to that given by a debtor in a decree directing a sale of his property made and entered with his consent, he will not be permitted to enjoin such sale merely because the amounts of his debts, their priorities, and the persons to whom they are due and owing have not been ascertained. Sandusky v. Paris (W. Va.), 38 S. E. Rep. 563. Certificate of Clerk — Bond and Security. — The failure of a trustee in a deed of trust, who has voluntarily given a bond to faithfully perform his duty as such trustee, and account for and pay over all money that may come into his hands in the execution of such trust, to append to his notice of sale to be made nnder the deed of trust, a certificate oC the clerk that such bond and security has been given, is not sufficient ground for enjoining the sale. Sandusky v. Paris (W. Va.), 88 S. E. Rep. 563. e. Payment or Purchase Money. When Purchase Money Paid. — A purchaser, under a deed of trust, conveying land with general warranty to secure debts, cannot be excused from paying the purchase money (and therefore be excused from paying interest thereon) until he obtains possession. Pindlay v. Toncray, 2 Rob. 374. Provision as to Payment of Purchase Money. — A deed of assignment for the benefit of creditors, made by the members of a private banking firm in Virginia, after preferring certain creditors, and authorizing the assignees to sell the property either at public auction or private sale, provided that at any auction sale any creditor of the second class might purchase any property and pay at its full face value the amount found due such creditor, or so much thereof as might enable him to complete the payment of his purchase money; and that the assignees might divide the land to be thus sold into lots, in order to enable as many creditors as possible to become bidders on these terms. Held, that the provision was not necessarily fraudulent, and therefore under the Virginia decisions, did not avoid the assignment. Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. 354. Rights of Purchaser in Surplus. Dower and Sales. — A purchaser of land under a deed of trust conveying it with general warranty, to secure debts, where the land is sold for more than enough to pay those debts, cannot apply any part of the surplus to extinguish a dower right in the land existing at the time of the warranty, and to pay taxes assessed on the property before the sale was made. Findlay v. Toncray, 2 Rob. 374. To Maintain Suit to Recover. — A purchaser of land, under a deed of trust conveying the same, with general warranty to secure debts, and sold for more than enough to pay the debts, cannot retain a part of the surplus of the purchase money to pay the costs of instituting an action of unlawful detainer to recover possession, when the claims of such purchaser are objected to by another creditor of the grantor, who obtained a decree against him after the deed of trust, and has acquired a lien. Findlay v. Toncray, 2 Rob. 374. 2. TITILE OF TRUSTEE. a. Trustees Purchasers for Value. — The trustees and trust creditors in a deed of assignment for the benefit of creditors are considered purchasers for value. Douglass, etc., Co. v. Laird, 37 W. Va. 687, 17 S. E. Rep. 388 ; Merchants’ Bank of Danville v. Ballou, 98 Va. 112, 32 S. E. Rep. 481; Exchange Bank V. Knox, 19 Gratt. 739. Under the laws of West Virginia the trustee is not only the holder of the title of the assignor but he is treated as holding the assets transferred in the capacity of a purchaser for value. Lamb v. Pan-nell, 28 W. Va. 667. In Evans v. G-reenhow, 15 Gratt. 153, the trustee and beneficiaries in a deed to secure bona fide debts, without notice, were held to be purchasers for value within the meaning of the exception in the statute, Code, ch. 188, § 3, p. 377, which provides that every fi. fa. shall be a lien on all the personal property from the time it is delivered to the sheriff to be executed. They will be preferred to an execution creditor of the g’rantorin the deed, as to a chose in action thereby conveyed. See aLso, Peters v. Bain, 133 U. S- 670, 10 Sup. Ct. 354. Where an insolvent merchant purchases goods not intending to pay for them, and- after getting possession of them he conveys them and all his other estate in trust for the payment of his debts, 667
*668 10 GRATT- Virginia Reports, Annotated. the trustee having- no notice oí the fraud, the trustee is a purchaser for value -without notice. Wick-ham v. Martin, 13 Gratt. 427, and note\ Peters v. Bain, 133 TJ. S. 670, 10 Sup. Ot. Rep. 354. Lien of Judgment Inferior to Title of Assignee. — A deed of trust by a bank for the benefit of creditors, conveying to the trustees all its property of every kind, wheresoever situated, will take priority over an execution lien, the judgment being obtained after the title of the trustees was perfect. The lien can only operate on what belongs to the bank, and after this conveyance the assets were no longer the property of the bank, but belonged to the trustees, who took as a purchaser for value. Harrison v. Farmers’ Bank, 9 W. Va. 424. b. Parties — Exception to Rule. — A firm composed of D and A assigned property in trust for the payment of debts owing by a former firm composed of D and C, and debts owing by the firm D and A for which the assignee had in any way become bound, the surplus to be paid over to the firm under the terms of the trust. Therewith it drew an order on the assignee in favor of a creditor payable out of the surplus of the trust fund, which was duly accepted. On a bill by the creditor against the trustee alone praying an accounting and that the surplus might be ascertained and applied to the liquidation of the order it was held that neither the firm D and A nor the firm D and C were necessary parties defendant, as they were represented by the assignee. Buck v. Pennybacker, 4 Leigh 5. This it will be seen forms an exception to the general rule, that all persons interested in the controversy must be made parties, it being well settled that the rule does not apply where they are fully represented by a party designated by themselves (trustee), as in this case. XIII. RIGHTS OF CREDITORS GENERALLY. Attaching Creditor May Share Ratably. — Where a creditor secured by a deed of trust with others, attempts to attach and subject the property of his debtor, who is also secured by the deed, in preference to the other creditors in the deed, although he fails to do this, still he is not precluded from claiming his pro rata share of the trust fund. Clark v. Ward, 12 Gratt. 440. Right of Lien Creditor to Pro Rata Proportion. — A mortgages lands to B to secure a debt due to him; and then, by a general deed of trust, conveys the equity of redemption of the same lands, together with sundry personal property, to a trustee, to raise a fund to pay all his debts, including debts due B other than that specially secured by the mortgage. Held, B is entitled to receive the whole of the debt specifically secured to them by the mortgage, out of the proceedings of the mortgaged lands, and then to come in for the distribution of the fund in the hands of the trustee under the general deed of trust, for satisfaction of the other debts due him, pro rata with the other creditors. Bellv. Hammond, 2 Leigh 416. Rights of Creditors Injured by Assignment. — Every creditor who has been injured by an assignment for the benefit of creditors has a right to the protection of the court, and his legal rights cannot be made to depend upon what any other creditor, or a majority of the creditors, may say or do with regard to the debtor’s property after the preferred creditors have been satisfied. Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203. Right of Secured Creditors to Participate in General Fund. — Creditors secured by a general assignment of their debtor’s estate are entitled to present participation in the general funds arising from such assignment, although they may hold collateral securities on their debts. They cannot be required to surrender such securities until their debts are fully satisfied. Nor can they be refused participation in the general fund until such securities are exhausted. Williams v. Overholt, 46 W. Va. 339, 33 S. E. Rep. 226. Right to Show Intention to Secure. — A creditor of the grantor in a deed to secure creditors, may show by proofs that his debt was intended, to be secured under the provision for another creditor. Griffin v. Macaulay, 7 Gratt. 476. Books of Grantor. — The books of the grantor in a deed of trust for the benefit of creditors are proper evidence of the amount of the debts due to the creditors secured by the deed. Griffin v. Macaulay, 7 Gratt. 476. 1. STATUTORY PROVISIONS — RIGHTS OF SIMPLE CONTRACT CREDITORS TO SUE. — Code Va. 1887, § 2460, provides that a creditor, before obtaining judgment or decree for his claim may institute any suit which he might institute after obtaining such judgment or decree to avoid a fraudulent assignment of the debtor’s estate, and may obtain such relief as he would be entitled to after obtaining a judgment or decree for the claim which he might be entitled to recover. See also, Wallace v. Treakle, 27 Gratt. 479; Price v. Thrash, 30 Gratt. 515; Stovall v. Border Grange Bank, 78 Va. 188. When it is sought to avoid á fraudulent conveyance and subject the property conveyed to the satisfaction of the plaintiff’s debt he may sue in equity to set aside the conveyance without a prior judgment, the statute (Code of W- Va., ch. 133, § 2) providing that a creditor need not sue and obtain a judgment before proceeding in equity to set aside a fraudulent conveyance. Tuft v. Pickering, 28 W. Va. 332. See also, Watkins v. Wortman, 19 W. Va. 82. 2. ATTACKING CREDITORS. Creditors at Large Take Priority. — Creditors at large, who file a bill to set aside a fraudulent conveyance, and obtain a decree settingit aside, acquire a specific lien on the land from the day the bill is filed, and are entitled to priority over the other creditors at large. See Code of Virginia 1860, ch. 179, sec. 2; Wallace v. Treakle, 27 Gratt. 479. Judgment Creditors. — A creditor cannot have the aid of the court of equity to prevent, in any way, or interfere with, the disposition which his debtor may make of his property, unless the creditor has first proceeded as far as he can at law. To subject rea? estate, he must have obtained a judgment at law; and to subject personal estate, he must have a judgment and execution. Rhodes v. Cousins, 6 Rand. 187. Secret Agreement — Bill Not Sustained, — The creditors, named in a deed, requiring them to signify their acceptance to its terms and conditions within thirty days from its date, and further agree to acquit and release the debtor from additional liability , being dissatisfied with the trusts therein declared, it is agreed between them and the debtor, that they will not sign it, and that another will be executed by the debtor, but the day before the time expires, two do sign it, with the avowed purpose to each other, of securing the benefit of the deed to all creditors. Afterwards one of these signing creditors files a bill against the other and the trustee to have the trust executed for the exclusive benefit of the two. Held, that the bill should be dismissed with costs. Phippen v. Durham, 8 Gratt. 457. 668
*669 Priority — Substitution.—Under sec. 2460 of Va. Code, a creditor is not entitled, on showing1 the invalidity of a debt secured by a trust deed for creditors, to have his debt substituted therefor, and his lien declared prior to the liens of other creditors included in the deed, whose lien attached when the deed was made. Craig; v. Hoge, 05 Va. 275, 28 S. E. Rep. 817. XIV. REMOVAL OF TRUSTEES. A court of chancery has power, in Virginia, to remove trustees in a deed of trust to secure creditors, and to substitute others in their place, both by virtue of the jurisdiction of such courts over the subject of trusts, and under Code of Va. 1878, ch. 155, § 6. as amended by Acts Va. 1874, pp. 224, 225, and ch. 174. § 8, as amended by Acts Va. 1874, 1875, p. 422, providing- that in case of death, failure to act, etc., of a trustee, in a deed of trust, a court of equity in the county in which such deed is or might have been recorded, may appoint a trustee in his place, and in such case no conveyance to the substituted trustee is necessary. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866. See also, McCullough v. Sommerville, 8 Leigh 415. 1. APPOINTMENT OP RECEIVERS — Where an assignment or conveyance is made by an insolvent firm to a trustee of the assets of the firm for the payment of the claims of creditors, and it is apparent that there is danger of a loss of property in the hands of the trustee, the court may appoint a receiver, and have the assets administered under its own control. Wagnerv. Coen, 41 W. Va. 351. 23 S. E. Rep. 735. Lien Creditor Hay Have Receiver Appointed. — A specific lien creditor may have a receiver appointed to administer the specific property upon which he holds his lien, and to collect rents for his benefit, and the trustee may be enjoined from disturbing such property, when a debtor has made a general assignment for the benefit of his creditors, and assigned the property upon which the specific lien is held, and the lien more than covers the property. Bristow v. Home Bldg. Co., 91 Va. 18, 20 S. E. Rep. 946. When Special Receiver to Be Appointed. — When an assignee violates the duty of keeping his accounts separate from his individual accounts, to the injury, or the great risk of injury, of those who may be ultimately entitled to the fund, or wastes or misappropriates the fund or a material part thereof, or it is made to appear that there is danger of misappropriation or of loss, from any misconduct of such trustee or his agents, of a material part of such property, such court may and should appoint a special receiver thereof, and cause him to duly administer the same under its directions. Wagnerv. Coen, 41 W. Va. 351, 23 S. E. Rep. 735. Discretion of Court as to Removal. — Whether a trustee, in a deed of trust for the benefit of creditors, shall be removed, is in the sound discretion of the court, even though the deed be sustained. Taylor v. Mahoney, 94 Va. 508, 27 S. E. Rep. 107.